UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNA V. KASHPER, individually, and as mother and next friend of Three Minors and as personal representative of the ESTATE OF KONSTANTIN M. KASHPER, <br><br> Plaintiff, <br><br> VS. <br><br> TOYOTA MOTOR SALES, U.S.A., INC.; TOYOTA MOTOR CORPORATION ENTERPRISE FM TRUST ENTERPRISE FLEET MANAGEMENT; JOHN DOE 1; JOHN DOE 2 and JOHN DOE 3, <br><br> Defendants. | C.A. No. 1:17-cv-12462 |

**PLAINTIFFS' MOTION TO REQUIRE ENTERPRISE DEFENDANTS TO PRODUCE DOCUMENTS THAT SHOULD HAVE BEEN PRODUCED WITH THE INITIAL DISCLOSURE STATEMENT**

The Enterprise defendants have failed to provide certain documents that should have been provided in the initial mandatory disclosure. The explanation for this is Enterprise does not have or can not locate these documents. The amount of time that has passed is now excessive, and these are documents that Enterprise should have and the Kasper plaintiffs need.

One category of these documents are those that relate to the purchase by Enterprise of the subject vehicle. The Complaint identified one of the John Doe defendants as the retailer or seller of the Toyota Tacoma subject of this lawsuit. Enterprise has not supplied this name or any document that would disclose it. This is especially important as the Plaintiff thinks that this particular John Doe is either a Vermont based entity or a Boston based Massachusetts entity, or possibly both. If the Boston based

entity is the or a correct one, then there is no diversity. Enterprise should have some record of who sold it the Toyota Tacoma.

A subsidiary category is all of the documents and materials given to a buyer of a motor vehicle at the time of purchase.

A second category is all documents relating to the rental or lease of the Toyota Tacoma to the Plaintiff's employer. There is only one document an open end lease agreement that references an invoice price without naming the supplier. The rented or leased vehicle appears to have lacked certain safety features that may have prevented Mr. Kashper's death, and there should be some documentation on how that came to be. Also, the master lease provides that Enterprise had some responsibility for repairs and maintenance, and there are no documents provided with respect to maintenance or repairs, even though one of Plaintiff's theories of liability is an easily corrected defect in the differential.

The Enterprise defendants in there disclosure stated some documents were not provided due to privilege or whatever. No log has been provided, so the Plaintiff has no idea what these documents concern. It is hard to imagine any applicable privilege with any of these documents that the Enterprise defendants should have or should be able to find.

Obviously, the Enterprise defendants can not produce documents that they do not have or can not locate. However, absent some explanation there appears to be no justification for not being able to find any of these documents, some of which appear to be necessary for business records. The most important single document is the invoice or something showing who the retailer or dealer or seller of the Toyota Tacoma is. More likely than not the dealer or seller is Herb Chambers Toyota located in Allston, MA and there is no diversity; but the Plaintiff needs or wants some definitive evidence.

Plaintiffs by their attorney,

*/s/ Marc S. Alpert/*

Marc S. Alpert,
Marc S. Alpert, P.C.
15 Court Square , #940
Boston, MA 02108-2524
Phone: 617 227-2380
Fax: 866-393-2857
e-mail: trepla2380@juno.com

Certificate of service: I certify that after filing a copy of this will be served electronically on the following: DRogers@Campbell-trial-lawyers.com, KMessinger@morrisonmahoney.com, JLantry@Campbell-trial-lawyers.com, GGarcia@morrisonmahoney.com

_____