UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
DOCKET NO. 1:17-CV-12462

ANNA V. KASHPER, Individually and as
Mother and Next Friend of Three Minors and
as Personal Representative of the Estate of
KONSTANTIN M. KASHPER,

    Plaintiffs,

v.

TOYOTA MOTOR SALES, U.S.A., INC.
TOYOTA MOTOR CORPORATION,
ENTERPRISE FM TRUST
ENTERPRISE FLEET MANAGEMENT,
JOHN DOE 1, JOHN DOE 2, JOHN DOE 3,

    Defendants.

## DEFENDANT'S ENTERPRISE FM TRUST AND ENTERPRISE FLEET MANAGEMENT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Enterprise FM Trust and Enterprise Fleet Management ("Enterprise") oppose plaintiff's Motion to Compel on the grounds that Enterprise has properly produced documents in their initial disclosures in accordance with Fed. R. Civ. P. Rule 26(a)(1) and has provided plaintiff with all documents that support its defenses. Additionally, many of the documents plaintiff's counsel identifies in his Motion are documents that require production by a non-party, decedent's employer, Borrego Solar Systems, Inc. As such, there are no documents to compel from Enterprise and this Court should deny plaintiff's Motion.

## BACKGROUND

On March 15, 2018 counsel for the parties served their respective Rule 26(a)(1), initial disclosures. See Initial Disclosures (Exhibit A). Through these disclosures, Enterprise produced documents in its possession that it intended to rely upon to support its defenses. These documents included a Master Equity Lease Agreement between Enterprise and Borrego Solar Systems, Inc.

1

1703214v.1

and an Open-End Equity Lease Rate Quote, in addition to police reports and plaintiff medical records. Id.

Subsequent to this production, plaintiff's counsel inquired through e-mail and telephone if Enterprise had documents relating to the purchase and maintenance of the subject vehicle. Enterprise repeatedly informed counsel that it was looking for the purchase information,[1] but had no documents in is possession regarding maintenance.[2] Further, to date, Enterprise has not received a formal written discovery request from plaintiff demanding such purchase or maintenance documents.

Enterprise has produced all documents it intends to use to support its defenses and has notified plaintiff's counsel, as a courtesy without a formal request, that it does not have any additional documents. Further, Enterprise has notified plaintiff's counsel of other avenues to retrieve the identified documents he seeks through decedent's employer, Borrego Solar Systems, Inc.

## ARGUMENT

Enterprise has properly complied with its initial disclosure obligation. A party must make its initial disclosures based on the information that is reasonably available to it. Fed. R. Civ. P. 26(a)(1)(E). Initial disclosures must include, "a copy…of all documents, electronically stored information, and tangible things that the disclosed party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii).

---

[1] On May 31, 2018, after continued searching, Enterprise located the original purchase documents and such were produced to plaintiff's counsel although neither a formal discovery request was made to Enterprise nor are the documents supportive of its defenses.
[2] As stated in the terms of the agreements Enterprise provided in its initial disclosures, it had no obligation to perform maintenance on the subject vehicle.

2

The initial disclosures produced by Enterprise satisfy the requirements of Rule 26(a)(1). Enterprise has complied with this rule and produced all documents it intends to rely on in furtherance of its case. The inability to produce documents and information which defendant does not have does not equate to a failure to produce documents within the initial disclosure. As plaintiff's Motion concedes, "Obviously, the Enterprise defendants cannot produce documents that they do not have or cannot locate." See Plaintiff's Motion (Exhibit B).

Moreover, even if Enterprise had the documents identified by plaintiff, if it does not intend to use the documents to prove its case, it is not required to produce them. Particularly relevant in Fed. R. Civ. P. 26(a)(1), is the express limitation that the disclosure only extend to the documents and things that the disclosed party, "may use to support its claims or defenses." Id. In other words, a "party is no longer obligated to disclose documents, whether favorable or unfavorable, that it does not intend to use." See Fed R. Civ. P. 26(a)(1) Advisory Committee Notes (2000 Amendments). Thus, contrary to plaintiff's Motion, Enterprises' initial disclosures are not a means for plaintiff to learn what documents are in Enterprises' possession. See Plaintiff's Motion at 1 (Claiming documents that should have been provided in initial disclosures). It is not for the plaintiff to decide what documents, arguments, and defenses Enterprise relies on. Further, plaintiff is incorrectly using her Motion as a vessel to request documents plaintiff believes are necessary to support her case.

Additionally, plaintiff has not served Enterprise with discovery to request these additional documents. Rule 26(a) initial disclosures are just that - preliminary disclosures - and are not intended to be a substitute for conducting necessary discovery. *Krawczyk v. Centurion Capital Corp.*, No. 06-C-6273, 2008 WL 395458, at 6 (N.D. Ill. Feb. 18, 2009); *see also Reimer*, 2008 WL 2944900, at 1 (initial disclosures are "not a substitute for the discovery process").

Even assuming for the sake of argument that Enterprise did have the documents plaintiff is seeking, the proper procedure for the plaintiff to obtain these documents from Enterprise is through a Rule 34 request. Such would have been far more expedient for all involved as opposed to filing this Motion with the Court.

Lastly, plaintiff has identified documents in her Motion that are more appropriately directed to decedent's employer, Borrego Solar Systems, Inc., as the documents relate to the employer's rental and maintenance of the subject vehicle.

## **CONCLUSION**

For the reasons set forth above, Enterprise respectfully requests that the Court deny plaintiff's Motion to Compel.

Defendants,
Enterprise FM Trust,
Enterprise Fleet Management
By its attorneys,

*/s / Kate A. Messinger*

Grace V.B. Garcia, BBO #640970
Kate A. Messinger, BBO #691468
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500
ggarcia@morrisonmahoney.com
kmessinger@morrisonmahoney.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 31, 2018.

*/s/ Kate A. Messinger*
_____
Kate A. Messinger

5
1703214v.1