UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| ANNA V. KASHPER, individually, and as mother ) and next friend of Three Minors and as personal ) representative of the ESTATE OF KONSTANTIN ) M. KASHPER, ) ) Plaintiff, ) ) VS. ) ) TOYOTA MOTOR SALES, U.S.A., INC.; ) TOYOTA MOTOR CORPORATION; ) ENTERPRISE FM TRUST; ENTERPRISE FLEET ) MANAGEMENT; JOHN DOE 1; JOHN DOE 2 ) and JOHN DOE 3, ) ) Defendants. ) _____ ) | C.A. No. 1:17-cv-12462-WGY |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND THE COMPLAINT AND REMAND**

     Defendants Toyota Motor Sales, U.S.A., Inc. ("TMS"), Enterprise FM Trust, and Enterprise Fleet Management (collectively, "Enterprise") hereby oppose the plaintiff's untimely Motion to Amend the Complaint and Remand the Case to Superior Court. The plaintiff's motion, served on the eve of the discovery and expert disclosure deadlines and months beyond the deadline for such motions, seeks to add a non-diverse defendant against which she has alleged no cognizable cause of action, for the sole purpose of destroying diversity.  Under this Court's Scheduling Order, all motions to join parties or amend pleadings were to have been made by April 1, 2018.  The plaintiff has not shown good cause why this motion should be allowed over three months beyond the deadline,

and the plaintiff's motion also be denied because it is made for the purpose of destroying this Court's subject matter jurisdiction.

## FACTS AND PROCEDURAL HISTORY

This case arises out of a single-vehicle accident that occurred on January 26, 2017 at approximately 4:30 P.M. on Interstate 495 in Milford, Massachusetts. The decedent, Konstantin Kashper, was driving a 2016 Toyota Tacoma C-Cab pickup truck northbound on I-495 when, for unknown reasons, his vehicle left the roadway, traveled over an embankment, struck a rock formation, and did a half-roll before landing on its roof. Witnesses and first responders arrived on the scene shortly thereafter, all of whom observed Mr. Kashper to be unresponsive. He was pronounced dead at Milford Regional Medical Center that evening. The present motion seeks to add as a defendant Herb Chambers 1168, Inc. ("Herb Chambers"), which the plaintiff asserts in her motion is the entity that sold the subject vehicle.

The plaintiff originally filed her Complaint in Massachusetts state court asserting claims against the defendants pertaining to alleged defects in the 2016 Toyota Tacoma being driven by Mr. Kashper at the time of the accident. On December 14, 2017 the defendants removed the case to this Court pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1332(a). On February 27, 2018, the Court entered a Scheduling Order pursuant to Fed. R. Civ. P. 16. *See* Document No. 35. That Scheduling Order set forth a deadline of April 1, 2018 for motions to change venue, join parties, or amend pleadings. The plaintiff filed the instant motion on June 15, 2018.

The plaintiff served her initial disclosures on March 16, 2018; however, at no point did she serve discovery requests pursuant to Fed. R. Civ. P. 33 or 34 on the

Enterprise defendants, which she asserts were in possession of the information regarding the sale of the subject vehicle.  Had the plaintiff been diligent in making her initial disclosures and serving discovery on the Enterprise defendants, she could have had the information she sought no later than March 26, 2018.[1]

Now, 14 weeks beyond the deadline set by the Court, and days prior to the deadline to disclose her experts, the plaintiff seeks to amend her Complaint to join Herb Chambers as a defendant.[2]  The plaintiff's proposed Amended Complaint does not assert a single allegation of independent negligence, breach of warranty, or other cause of action against Herb Chambers.  In fact, that plaintiff's proposed Amended Complaint does not even allege that Herb Chambers sold the subject vehicle or that it is otherwise liable to the plaintiff.  *See generally* Plaintiff's Proposed Amended Complaint (Document No. 42-1).  The proposed Amended Complaint continues to assert claims solely concerning the alleged defects in the design of the subject vehicle.  The proposed Amended Complaint—virtually a carbon copy of the initial Complaint,[3] filed three months after the Court-ordered deadline and two weeks before the plaintiff's deadline to disclose experts—demonstrates that the sole purpose of the instant Motion to Amend and Remand is to join a non-diverse defendant to destroy this Court's jurisdiction.

---

[1] The parties conferred as required under Fed. R. Civ. P. 26(f) and L.R. 16.1(d) and filed their Joint Statement Pursuant to Rule 16.1(d) on February 26, 2018.  Document No. 33.  Following that date, the plaintiff was permitted to serve her initial disclosures and initiate discovery.  *See* Fed. R. Civ. P. 26(d)(1). (requiring the parties to confer as required under Rule 26(f) before discovery can be initiated); L.R. 26.2(requiring service of initial disclosures before a party can initiate discovery).

[2] The plaintiff's Motion fails to comply with the L.R. 15.1's requirement that the party moving to amend a pleading to add a new party serve the motion on the proposed new party at least 14 days in advance of filing.

[3] The only difference between the two Complaints is that the proposed Amended Complaint adds a paragraph identifying Herb Chambers as a named defendant; *see* Plaintiff's Proposed Amended Complaint, ¶ 13; and a paragraph asserting that a future amended complaint will be filed based on a potential defect in either the seat belt or airbag.  *See id.* at ¶ 17A.

## ARGUMENT

When a plaintiff moves to amend the complaint beyond the deadline set forth in the Court's Scheduling Order, "the appropriate standard for analysis . . . is no longer the liberal 'freely given' standard of Rule 15(a), but rather the more demanding 'for good cause' standard of Rule 16(b)." *White v. One World Techs, Inc.*, C.A. No. 09-10011-NMG, 2011 WL 5513192, *1 (D. Mass. Nov. 10, 2011) (citing *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)). Here, the plaintiff has not articulated a rationale to meet the "more demanding" good cause standard of Rule 16(b) and her motion must be denied on those grounds.

In addition, where a party seeks to add a non-diverse, dispensable party[4] after an action has been removed to federal court, the Court has discretion as to whether to permit the joinder. 28 U.S.C. § 1447(e); *see also Kelley v. Vermont Mut. Ins. Co.*, 407 F. Supp. 2d 301, 305 (D. Mass. 2005) (providing that § 1447(e) controls when, after removal, plaintiff seeks to join a defendant that would destroy subject matter jurisdiction). In those circumstances where joinder of a non-diverse party "would destroy diversity and force a remand," the Court "'should scrutinize that amendment more closely than an ordinary amendment…'" *Kelley*, 407 F. Supp. 2d at 305 (quoting *Schrepfer v. Framatome Connectors USA, Inc.*, 115 F. Supp. 2d 182, 186 (D.N.H. 1999)). Here, the factors to be considered under § 1447(e) each militate in favor of denying the plaintiff's motion.

---

[4] The plaintiff makes no argument that Herb Chambers is a non-dispensable party under Fed. R. Civ. P. 19.

**1.  Plaintiff's Motion Must Be Denied because there is No Good Cause for Amending the Complaint beyond the Scheduling Order Deadline**

The purpose of Rule 16 scheduling orders is to promote "effective case management," and the orders are "an essential tool for handling civil litigation." *O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 155 (1st Cir. 2004).  The First Circuit has explained that scheduling orders cannot be treated as "frivolous piece[s] of paper idly entered, which can be cavalierly disregarded without peril." *Id.*  This Court's Scheduling Order was designed to assure that the parties and pleadings are finalized with sufficient time for all parties to be prepared for a March 4, 2019 trial date.  *See* Document No. 35.  The plaintiff's motion to amend comes days prior to the fact discovery deadline and deadline for the plaintiff to disclose experts, evidences a lack of diligence, and prejudices the defendants.

Rule 16(b)'s "good cause" standard "focuses on the diligence (or lack thereof) of the moving party."  *Steir*, 383 F.3d at 12.  Here, the plaintiff's motion to amend comes six months after the case was removed and three months after the Court's deadline for amending pleadings or joining parties.  The timing of the plaintiff's motion itself demonstrates a lack of diligence on the plaintiff's part.  *See id.* ("[P]rotracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.").  Moreover, to the extent the plaintiff argues that additional information was needed pertaining to the sale of the subject vehicle, the plaintiff declined to use the myriad discovery mechanisms available to her to obtain the information in a reasonable time to comply with the Court's Scheduling Order.

The First Circuit has also noted that motions to amend whose timing would result in "re-opening of discovery" and a "significant postponement of the trial" are prejudicial

to opposing parties and are "particularly disfavored." *Id.* (quoting *Acosta-Mestre v. Hilton Int'l of P.R., Inc.*, 156 F.3d 49, 52–53 (1st Cir. 1998)).  Granting the plaintiff's motion, which would result in remand to state court, would permit the newly joined defendant to re-open the depositions of numerous witnesses that have been deposed to date and would postpone the trial by months, if not years.  This result is substantially prejudicial to the defendants and is not in the interest of justice for any party.

## 2. Plaintiff's Untimely Motion to Join a Defendant for the Purpose of Destroying Diversity Must be Denied Pursuant to § 1447(e)

In determining whether the joinder of a party that would destroy the Court's subject matter jurisdiction comports with principles of fundamental fairness, the Court considers the following factors:  "(1) the plaintiff's purpose in adding the non-diverse party; (2) the plaintiff's timeliness in making this addition; (3) whether the plaintiff will be 'significantly injured' if the non-diverse party is dismissed; and (4) any other equities, such as prejudice to a defendant."  *Garber Bros., Inc. v. Troilo*, C.A. No. 15-cv-10148-IT, 2015 WL 13389919, *3 (D. Mass. June 25, 2015) (slip copy); *see Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).  Each of these factors weighs against the Court granting the plaintiff's motion.

### a. The Plaintiff's Purpose in Adding Herb Chambers is to Destroy Diversity

In determining the purpose of a party's attempt to add a non-diverse defendant, "the Court may consider the extent to which such a motivation is evinced through the circumstances of the case."  *Kelley*, 407 F. Supp. 2d at 306 (citing *Hensgens*, 833 F.2d at 1182).  The primary source of evidence on this factor can be found in the plaintiff's proposed Amended Complaint, which does not allege that Herb Chambers was negligent,

that it breached an implied or express warranty, or even that Herb Chambers sold the vehicle. *See generally* Plaintiff's Amended Complaint (Document No. 42-1); *see also Hatch v. Dept. for Children, Youth and Their Families*, 274 F.3d 12, 19 (1st Cir. 2001) (noting that proposed amendments are futile unless they "set[] forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory"). On its face, the plaintiff's proposed Amended Complaint does not assert a cause of action against Herb Chambers upon which relief can be granted, demonstrating that her purpose in seeking to add Herb Chambers as a party is not based on any independent causes of action against Herb Chambers, but strictly to join a non-diverse defendant and destroy diversity.

In addition, this matter was removed to this Court on December 14, 2017, and the plaintiff could have taken formal steps at least as of February 26, 2018 to obtain the information she asserts was necessary to seek this amendment; however, the plaintiff failed to utilize discovery mechanisms available to her and located Herb Chambers only after the parties have been conducting discovery for months. Under the Court's initial Scheduling Order,[5] the deadline for fact discovery and the plaintiff's expert disclosures was July 1, 2018. Two weeks prior to the deadline for her to disclose experts, the plaintiff filed the instant motion to add a non-diverse defendant and remand the case to state court where the Court's Scheduling Order would be moot.

That the plaintiff seeks to add, days prior to her deadline for disclosing experts, a non-diverse defendant against which she does not assert a cause of action demonstrates

---

[5] The parties filed a Joint Motion to Amend the Scheduling Order (Document No. 45) on June 25, 2018 to extend the fact discovery and expert disclosure deadlines by 30 days to complete certain fact witness depositions.

that her primary, if not sole, purpose in seeking this amendment is to destroy this Court's subject matter jurisdiction.

### b.  The Plaintiff's Motion is Untimely

In analyzing the timeliness of the amendment to add a non-diverse defendant, the Court is to consider whether the plaintiff "has diligently sought this amendment." *Kelley*, 407 F. Supp. 2d at 307–08 (citing *Hensgens*, 833 F.2d at 1182).   In addition to this Court's Scheduling Order providing that all motions to join parties or amend pleadings were to have been made by April 1, 2018, as discussed above, the plaintiff could have utilized the discovery mechanisms available under the Federal Rules of Civil Procedure to obtain the information as to who sold the subject vehicle months ago.  Now, after the parties have conducted months of fact discovery and are preparing to disclose experts in accordance with the Scheduling Order deadlines, the plaintiff seeks to add a defendant against which she asserts no cognizable cause of action to destroy this Court's subject matter jurisdiction and nullify the Scheduling Order.

This Court has held that "[t]he only delay that is relevant to joinder considerations . . . is that between the removal of the case and the plaintiff's motion for joinder and remand." *Id.* at 308 (quoting *Hunt v. Stryker Corp.*, 2004 WL 502186, *2 (S.D.N.Y. 2004)).  A delay of over five months between removal and a motion to remand "may be an improper delay." *Id.* (citing *Nazario v. Deere & Co.*, 295 F. Supp. 2d 360, 365 (S.D.N.Y. 2003)).  The defendants removed this case over six months ago.  In that time, the plaintiff did not serve the Enterprise defendants with a single discovery request seeking information about the purchase of the vehicle.  The plaintiff's failure to utilize discovery mechanisms available to her demonstrate a dilatory lack of diligence in

obtaining the information she claims to have needed to amend her Complaint. *See id.* (providing that the plaintiff was diligent in pursuing the amendment where it had taken numerous steps to initiate discovery and moved to amend the complaint within five months of removal).

> c.  *The Plaintiff Would not be "Significantly Injured" if Herb Chambers is Not Added as a Defendant*

The plaintiff's proposed Amended Complaint alleges that Konstantin Kashper's death was caused by a number of potential defects in the 2016 Toyota Tacoma C-Cab. To the extent the plaintiff seeks to add a defendant with potential liability for breach of warranty, such defendants—TMS and Enterprise—already are parties to this case and would be jointly and severally liable for any judgment at trial. *See Commonwealth v. Boston Edison Co.*, 444 Mass. 324, 327, 828 N.E.2d 16 (2005) ("Where joint and several liability applies, plaintiffs may recover their full damages from any liable party.").

The plaintiff's proposed Amended Complaint does not contain a single allegation against Herb Chambers that is independent of her allegations against TMS relating to the design of the 2016 Toyota Tacoma C-Cab; it in fact does not even assert a cognizable cause of action against Herb Chambers. *See generally* Plaintiff's Proposed Amended Complaint (Document No. 42-1) (failing to allege that Herb Chambers was negligent, breached a warranty, or even that it sold the subject vehicle).

Given that the plaintiff does not allege that Herb Chambers is liable to the plaintiff, she cannot demonstrate "significant injury" if Herb Chambers is not added as a defendant.

> ### d. The Defendants Would be Prejudiced by this Late Addition of a Dispensable Party

The defendants and their counsel have been proceeding diligently through discovery in anticipation of disclosing their experts pursuant to this Court's Scheduling Order and in preparation for the March 4, 2019 trial date. To date, the parties have exchanged written discovery and taken nine depositions. Remand at this stage would be substantially prejudicial to the defendants, and contrary to the interests of justice, because it will delay resolution of the action; entitle Herb Chambers to re-open any or all of the depositions that have been taken, which prejudices not only the existing defendants but also the non-party witnesses; and deny the multiple foreign defendants their chosen forum. Such a result would not "comport with principles of fundamental fairness." *See Kelley*, 407 F. Supp. 2d at 305–06 (quoting *Briarpatch Ltd., L.P.*, 81 F. Supp. 2d at 515).

The plaintiff's purpose in seeking to amend her Complaint and remand the case, as discussed above, is to avoid the deadlines imposed by this Court's Scheduling Order and delay final disposition of this matter. Such a delay substantially prejudices the defendants, which are prepared to bring this case to resolution at or before a March 4, 2019 trial.

## CONCLUSION

TMS and Enterprise request that the Court deny the plaintiff's Motion to Amend the Complaint and Remand, as the plaintiff has not shown good cause why the amendment should be granted beyond the deadline and because the amendment seeks to add a non-diverse defendant against which she does not assert a cause of action for the purpose of destroying this Court's subject matter jurisdiction.

**ENTERPRISE FM TRUST and
ENTERPRISE FLEET
MANAGEMENT**

By their Attorneys,

MORRISON MAHONEY LLP

/s/ Grace Garcia
Grace Garcia (BBO #640970)
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
617-439-7500
ggarcia@morrisonmahoney.com

**TOYOTA MOTOR SALES, U.S.A.,
INC.;**

By its Attorneys

/s/ Jacob J. Lantry
James M. Campbell (BBO #541882)
David M. Rogers (BBO #542233)
Jacob J. Lantry (BBO #690452)
Campbell Campbell Edwards & Conroy,
P.C.
One Constitution Center
Boston, MA 02120 | 617-241-3000
jmcampbell@campbell-trial-lawyers.com
drogers@campbell-trial-lawyers.com
jlantry@campbell-trial-lawyers.com

## CERTIFICATE OF SERVICE

On June 29, 2018, I, Jacob J. Lantry, filed electronically and served by mail on anyone unable to accept electronic filing the foregoing document.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Marc S. Alpert
Marc S. Alpert, P.C.
15 Court Square, #940
Boston, MA 02108

Grace Garcia
Morrison Mahoney
250 Summer Street
Boston, MA 02210

*/s/ Jacob J. Lantry*
_____
Jacob J. Lantry

11