UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:17-CV-12462- WGY

ANNA V. KASHPER, Individually and as
Mother and Next Friend of Three Minors and
as Personal Representative of the Estate of
KONSTANTIN M. KASHPER,

      Plaintiffs,

v.

TOYOTA MOTOR SALES, U.S.A., INC.
TOYOTA MOTOR CORPORATION,
ENTERPRISE FM TRUST
ENTERPRISE FLEET MANAGEMENT,
JOHN DOE 1, JOHN DOE 2, JOHN DOE 3,

      Defendants.

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Enterprise states that there are no disputed issues of material fact, and Enterprise is entitled to judgment as a matter of law as any claim against Enterprise based solely upon its ownership of the subject leased vehicle is barred by 49 U.S.C. § 30106. Additionally, Enterprise cannot be held liable for negligence in failing to maintain the vehicle, where it had no duty to do so.

### I. FACTUAL BACKGROUND

This action arises out of an alleged single car motor vehicle accident that took place on January 26, 2017 on Interstate 495N in Milford, Massachusetts. See Plaintiff's Complaint (Exhibit 1). Decedent Konstantin Kashper is alleged to have sustained injuries that resulted in death as a result of the accident. Plaintiff alleges this action against Enterprise claiming Enterprise owned and maintained the vehicle decedent was driving. Id.

1718091v.1

At the time of the accident, Mr. Kashper was operating a vehicle that was leased by his employer, Borrego Solar Systems, Inc., who leased the vehicle through Enterprise Fleet Management. See Affidavit of William J. Keller (Exhibit 2). At the time of the accident, Kashper was operating a vehicle owned by Enterprise FM Trust. Id. At the time of the accident, Enterprise Fleet Management was in the business of long-term leasing vehicles to individuals and companies. Id. At the time of the subject motor vehicle accident, decedent was not an agent, servant, employee or acting for the benefit, purpose, or on the behalf of Enterprise, nor had he ever been. Id.

There is no evidence that Defendant Enterprise Fleet Management or Enterprise FM Trust engaged in any negligence or criminal wrongdoing related to its lease of a vehicle to Borrego Solar Systems, Inc. Id.

## II. ARGUMENT

Summary Judgment is appropriate as a matter of law in this action because the undisputed material facts show that plaintiff is unable to establish any direct negligence on behalf of Enterprise as Plaintiff's claims are based solely on Enterprise ownership of the vehicle. Further, Plaintiff cannot establish any negligent "maintenance" of the vehicle as Enterprise did not owe Plaintiff this duty.

### A.   Summary Judgment Standard

As there are no genuine issues of fact in dispute, Enterprise is entitled to judgment as a matter of law because Enterprise did not retain control of the vehicle or its driver on the alleged accident date. In order to prevail on a claim for negligence, the plaintiff must show that Enterprise owed a duty of care to him, that Enterprise breached the duty, and that the breach was the proximate cause of his injuries. Davis v. Westwood Group, 420 Mass. 739, 742-743 (1995). For the reasons

set forth below, the plaintiff cannot prove all of the essential elements of his claim, and thus Enterprise is entitled to summary judgment as a matter of law.

The function of summary judgment is to "pierce the boilerplate of the pleadings and assay the parties' proof in an effort to determine whether trial is actually required." Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992). "Summary judgment is appropriate when the moving party demonstrates . . . that the nonmoving party, who will have the burden of proof at trial, lacks sufficient evidence to establish an essential element of his or her claim." Vickowski v. Polish Am. Citizens Club, 422 Mass. 606, 609 (1996) (affirming summary judgment when the plaintiff merely presented evidence that gave rise to inappropriate inferences).

**B.** **Plaintiff Has No Reasonable Expectation of Proving That The Vehicle Was Being Operated By and Under the Control Of A Person For Whose Conduct The Defendant Was Responsible.**

Plaintiff has asserted that Enterprise is liable for decedent, Konstantin Kashper's injuries that occurred during his operation of the leased vehicle at the time of the subject motor vehicle accident. To establish liability of Enterprise FM Trust or Enterprise Fleet Management, however, Plaintiff must prove that the leased vehicle involved in the subject motor vehicle accident was under one of these entities' control. See M.G.L. c. 231, § 85A; Cheek v. Econo-Car Rental System of Boston, 393 Mass. 660, 662 (1985); Feltch v. Gen. Rental Co., 383 Mass. 603, 611 (1981).

There is no reasonable likelihood of establishing at trial that an agency or employment relationship existed between decedent, Konstantin Kashper and Enterprise. There is also no reasonable likelihood of establishing at trial that decedent was operating the leased vehicle for the benefit or the purpose of Enterprise. According to the *Affidavit of William J. Keller*, the decedent had no such relationship with Enterprise. Plaintiff merely alleges in her Complaint that decedent was operating a vehicle owned and maintained by Enterprise and is thus liable. Accordingly,

summary judgement is appropriate. Ivery v. Hot Tin Roof, Inc., Lucius Wilder, and Alamo Rent-A-Car, Inc., No. 99-4980 (Superior Ct. September 2001). [1]

### C.   Federal Law Precludes Claims Brought Against Rental Car Companies Under Theory of Vicarious Liability Due to Ownership of Rental Vehicle.

The Graves Amendment, enacted in 2005 as part of the Safe, Accountable, Flexible, Efficient Transportation Equity Act, eliminates vicarious liability of rental car companies, under state law, for the accidents involving customers or lessees. 49 U.S.C. § 30106. The statute provides in relevant part:

> (a)  In general.  An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if –
>
> 1.  the owner (or affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> 2.  there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner). 49 U.S.C. § 30106 (a)(1)-(2).

Enterprise falls within the purview of the statute because it is engaged in the trade or business of leasing motor vehicles. See Affidavit of William J. Keller (Exhibit 2).  As stated above, at the time of the subject accident, Enterprise FM Trust was the owner of the leased vehicle and Enterprise Fleet Management was engaged in the business of leasing vehicles. Id. Further, there is no evidence of negligence or criminal wrongdoing by Enterprise in this case. Plaintiff's basis for

---

[1]   See Ivery v. Hot Tin Roof, Inc., Lucius Wilder, and Alamo Rent-A-Car, Inc., No. 99-4980 (Superior Ct. September 18, 2001), (Cratsley, J.) (granting summary judgment where Alamo had presented sufficient evidence to rebut presumption of agency created by M.G.L. c. 231 § 85A); Reynolds v. Hertz Corp., No. 99-1420-C (Superior Ct. August 25, 2000), (van Gestel, J.) (granting summary judgment where plaintiff's proffered no evidence of any agency relationship); McGonigle v. Tracy, 6 Mass. L. Rptr. No. 5, 109 (December 23, 1996), (Gershengorn, J.) (allowing car rental company's motion for summary judgment where rental company completely rebutted statutory presumption of control so that no factual issue remained); Richardson v. Matthews, 882 F.Supp. 6 (D.Mass. 1995) (holding summary judgment for lessor of car warranted under the Celotex Corp. v. Catrett, 477 U.S. 317 (1986) standard where plaintiff presented no real evidence of defendant's control over motor vehicle).

her negligence claim is that Enterprise maintained the subject vehicle. See Plaintiff's Complaint (Exhibit 1). Contrary to this claim, at no time did Enterprise perform any repair, maintenance or work on the vehicle. See Affidavit of William J. Keller (Exhibit 2).

The Graves Amendment applies to any action brought on or after the date of its enactment without regard to whether the harm that is the subject of the action, or the conduct that caused the harm, occurred before the amendment is signed into law. 49 U.S.C. § 30106(c). As the amendment was signed into law on August 10, 2005, and the complaint in the case at bar was filed in 2017, the law precludes Plaintiff's claim against Enterprise. See Plaintiff's Complaint (Exhibit 1).

The Graves Amendment bars agency claims formerly brought under statutes such as M.G.L. c. 231, § 85A. While such statutes may still apply to vehicle owners who are not engaged in the business of renting or leasing motor vehicles, such laws are no longer applicable to vehicle renting and leasing companies or their affiliates because such companies and their affiliates are no longer liable for the accidents of the customers or lessees.

Courts that have had occasion to consider the provisions of 49 U.S.C. § 30106, including Massachusetts courts, have recognized its preclusive effect. The Appellate Division found that:

> numerous courts have considered the constitutionality of the Graves Amendment and "are virtually unanimous in upholding [it] as a proper exercise of the commerce power given Congress by the Constitution."...Thus, the Graves Amendment does appear to supersede G.L. c. 231, § 85A, which provides that evidence of a vehicle, at the time of an accident, was "registered in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible." Diekan v. Blackwelder, 2011 WL 1167367 (Mass. App. Div. March 23, 2011).

Statutes such as c. 231, § 85A are distinguished from statutes which explicitly impose vicarious liability on rental car companies, because the Massachusetts law states a rule of evidence and not of liability. Gallo v. Veliskakis, 357 Mass. 602, 603 (1970). Nevertheless, the federal law

leads to the same result, namely the nullification of agency claims against rental car companies. Prima facie evidence that a leased or rented vehicle is being operated under the owner's control, as facilitated by the Massachusetts statute, is irrelevant when ownership itself does not give rise to liability, per the federal law. Diekan, 2011 WL 116367 (2011). Where, as here, Plaintiff has no reasonable expectation of proving that the rental company was negligent, 49 U.S.C § 30106 forecloses any claim of liability based on mere ownership. Jacobson v. Ruggenberg & Avis Rent-A-Car-System, 2009 WL 1850234 (Mass. Super.).

Enterprises' liability, if any, will turn on whether Plaintiff is able to establish that Enterprise is not engaged in the business of leasing vehicles or alternately was either negligent or was engaged in criminal wrongdoing as owner of a rented vehicle. Plaintiff can prove neither.

In reviewing plaintiff's complaint it can be argued the Graves Amendment was put in place to limit claims such as this one in which plaintiff has not ascertained any clear negligence on behalf of Enterprise. Further, relying upon *Zwibel v. Midway Automotive Group*, defendants contend that a boilerplate "*failure to maintain*" allegation contained in most every complaint pertaining to a motor vehicle accident should not be used as a means to avoid Congress' clear intent in enacting the Graves Amendment to forestall suits against vehicle rental and leasing companies. Moreau v. Josaphat et al., 42 Misc. 3d 345, (Sup Ct, Kings County 2013) quoting Zwibel v. Midway Automotive Group, 30 Misc. 3d 1232, 2011 NY Slip Op. 50308, 6-8(Sup Ct. Queens County 2011).

Thus, Enterprise meets both the criteria for being exempt from liability under 49 U.S.C § 30106. First, it is engaged in the trade or business of renting motor vehicles. Second, Plaintiff is not able to prove negligence or criminal wrongdoing in its rental of a motor vehicle to Mr. Kashper.

### D.    Plaintiff Cannot Prove that Enterprise Owed a Legal Duty

Even if the plaintiff contends that the defendant was *actively* negligent as required by the Graves Amendment, the plaintiff cannot prevail because she cannot prove defendant owed a legal duty.  There can be no negligence in the absence of a legal duty. Davis v. Westwood Group, 420 Mass. 739 (1995); Kurker v. Hill, 44 Mass. App. Ct. 184 (1998).

Specifically, a long-term lessor of a vehicle owes no duty of care under common law bailment to assure the safety of the vehicle. Kassis v. Lease and Rental Management Corp, 79 Mass. App. Ct. 784,790 (2011). Upon the delivery of safe chattels, the bailor relinquishes possession and control to the bailee, together with responsibility for the property's continuing safety. Id at 789. A bailor has no common-law duty to inspect or repair bailed property, nor is a bailor liable for injuries resulting from a defect arising after the property's delivery to the bailee. Id.  Borrego Solar Systems, Inc. had a long term lease with Enterprise, leasing a vehicle beginning in July, 2016. See Affidavit of William J. Keller (Exhibit 2).  Limited duties exist when a Lessor assumes no duty of maintenance or care under the lease of the vehicle. Kassis 79 Mass, Ct. 790 at 789. Similarly, at no time while this vehicle was leased up until the time of the accident did Enterprise FM Trust or Enterprise Fleet Management perform any repair, maintenance or other work on the vehicle. See Affidavit of William J. Keller (Exhibit 2).

It is undisputed that Enterprise and Borrego Solar Systems, Inc. had a long-term lease and the terms of that lease allowed for Enterprise to not perform any repair or maintenance on the vehicle. Instead, plaintiff attempts to assert a legal duty where one does not exist.

### III. CONCLUSION

For the reasons set forth herein, the defendants, Defendants Enterprise FM Trust and Enterprise Fleet Management respectfully requests that the Court ALLOW its Motion for

Summary Judgment.

The Defendants,
Enterprise FM Trust and
Enterprise Fleet Management,

By Their Attorneys,


_____ /s/ Kate A. Messinger_____
Grace V.B. Garcia, BBO #640970
ggarcia@morrisonmahoney.com
Kate A. Messinger, BBO #691468
kmessinger@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone:    617-737-8822
Fax:       617-342-4914


## CERTIFICATE OF SERVICE

On August 13, 2018, I, Kate A. Messinger, filed electronically and served by mail on anyone unable to accept electronic filing the foregoing document.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Marc S. Alpert. BBO #016420
Marc S. Alpert, P.C.
15 Court Square, #940
Boston, MA 02108

David M. Rogers, BBO #542233
Jacob J. Lantry, BBO #690452
Campbell Campbell Edwards & Conroy
One Constitution Center
Boston, MA 02129


_____ /s/ Kate A. Messinger_____
Kate A. Messinger