UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNA V. KASHPER, individually, and as mother and next friend of Three Minors and as personal representative of the ESTATE OF KONSTANTIN M. KASHPER, <br><br> Plaintiff, <br><br> VS. <br><br> TOYOTA MOTOR SALES, U.S.A., INC.; TOYOTA MOTOR CORPORATION; ENTERPRISE FM TRUST; ENTERPRISE FLEET MANAGEMENT; JOHN DOE 1; JOHN DOE 2 and JOHN DOE 3, <br><br> Defendants. | C.A. No. 1:17-cv-12462-WGY |

## TOYOTA MOTOR SALES, U.S.A., INC.'S MOTION TO PRECLUDE THE PLAINTIFF'S EXPERT MARIUS ZIEJEWSKI

Toyota Motor Sales, U.S.A., Inc., ("TMS") hereby moves for an order pursuant to Fed. R. Civ. P. 37(b)(2)(A)(ii) precluding the plaintiff's expert Marius Ziejewski from being relied upon by the plaintiff in opposition to TMS's anticipated summary judgment motion and from testifying at the trial of this case.

As grounds for the motion, TMS states that pursuant to the Fed. R. Civ. P. 26(f) Scheduling Orders issued by the court, all expert depositions must be completed by November 1, 2018 with the plaintiff's experts being deposed first followed by the defendants' experts. See Docket Entry No. 35, Court's Order on the Parties' Joint Statement Pursuant to Local Rule 16.1(d), Paragraphs B-1 and B-5, and Docket Entry No. 49, Court's Notice Resetting Deadlines. On September 12, 2018, the plaintiff's lawyer canceled the duly noticed deposition of his expert Dr. Marius Ziejewski which

1

had been scheduled by agreement to take place on September 18, 2018 in Fargo North Dakota, without providing any explanation of the reasons for the cancelation. Since then, the plaintiff's lawyer has refused to agree to produce the witness for a deposition on any of the three other dates provided by TMS's counsel.

In further support of its motion, TMS relies upon the Memorandum in Support of the Motion filed herewith.

WHEREFORE, TMS requests that the court grant its motion and preclude the plaintiff's expert Marius Ziejewski as an expert in this case. The plaintiff should be prohibited from relying upon any opinions expressed by Dr. Ziejewski in his expert report to oppose TMS's summary judgment motion and he should be precluded from testifying at trial.

## LOCAL RULE 37.1 CERTIFICATION

By my signature below, I, David M. Rogers, certify that I requested that the plaintiff's counsel Marc Alpert participate in a telephone conference with me to resolve the pending discovery dispute. Mr. Alpert has refused to do so, instead stating that another lawyer who is not admitted in the case would speak with me. See Exhibit A, Email Communications between counsel.

**TOYOTA MOTOR SALES, U.S.A., INC**

By its Attorneys,

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

/s/ *David M. Rogers*
James M. Campbell (BBO #541882)
David M. Rogers (BBO #542233)
Jacob J. Lantry (BBO #690452)
1 Constitution Wharf, Suite 310
Boston, MA 02129
Tel:    (617) 241-3000
Fax:    (617) 241-5115
jmcampbell@campbell-trial-lawyers.com
drogers@campbell-trial-lawyers.com
jlantry@campbell-trial-lawyers.com

**CERTIFICATE OF SERVICE**

On September 19, 2018, I, David M. Rogers, filed electronically the foregoing document. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ David M. Rogers
David M. Rogers