...

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANNA V. KASHPER, individually, and as mother and next friend of Three Minors and as personal representative of the ESTATE OF KONSTANTIN M. KASHPER, <br><br> Plaintiff, <br><br> VS. <br><br> TOYOTA MOTOR SALES, U.S.A., INC.; TOYOTA MOTOR CORPORATION; ENTERPRISE FM TRUST; ENTERPRISE FLEET MANAGEMENT; JOHN DOE 1; JOHN DOE 2 and JOHN DOE 3, <br><br> Defendants. | C.A. No. 1:17-cv-12462-WGY |

**TOYOTA MOTOR SALES, U.S.A., INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO PRECLUDE THE PLAINTIFF'S EXPERT MARIUS ZIEJEWSKI**

Pursuant to the court's scheduling orders issued under Fed. R. Civ. P. 26(f), the plaintiff was required to produce experts for depositions before Toyota Motor Sales, U.S.A., Inc.'s ("TMS") experts were deposed with a deadline for the completion of all experts' depositions of November 1, 2018. See Docket Entry No. 35, Court's Order on the Parties' Joint Statement Pursuant to Local Rule 16.1(d), Paragraphs B-1 and B-5; Docket Entry No. 49, Court's Notice Resetting Deadlines. On September 12, 2018, the plaintiff's lawyer canceled the duly noticed deposition of his expert Dr. Marius Ziejewski which had been scheduled by agreement to take place on September 18, 2018 in Fargo, North Dakota. No explanation for the cancelation was provided. Since then, the plaintiff's lawyer has continued to refuse to provide an explanation for the cancelation

and will not agree to produce the witness for a deposition on any of the three other dates provided by TMS's counsel. See Exhibit A, Email Communications between counsel.

Preclusion of evidence is an appropriate sanction for a party's failure to comply with a discovery scheduling order under Fed. R. Civ. P. 37(b)(2)(A)(ii). The plaintiff has failed to comply with the court's discovery scheduling orders by (1) canceling the duly and timely noticed deposition of her expert Marius Ziejewski without any justification for doing so and (2) after canceling the deposition, failing to agree to produce him for a deposition on the three other dates provided by TMS's counsel within the time frame allowed by the court for expert depositions. See Exhibit A. Summary judgment motions must be filed by November 1, 2018. In order to fully develop the evidence necessary for its anticipated summary judgment motion based on the plaintiff's inability to meet her burden of proof that any defect existed in the subject Toyota pickup truck, it is imperative that TMS depose the plaintiff's expert Dr. Ziejewski within the time frames established in the court's scheduling orders.

Preclusion of an expert is a harsh sanction, but it is warranted and justified under the circumstances presented here. TMS requests that the court grant its motion and preclude the plaintiff's expert Marius Ziejewski as an expert in this case. The plaintiff should be prohibited from relying upon any opinions expressed by Dr. Ziejewski in his expert report to oppose TMS's summary judgment motion and he should be precluded from testifying at trial.

**TOYOTA MOTOR SALES, U.S.A., INC**

By its Attorneys,

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.


/s/ *David M. Rogers*
James M. Campbell (BBO #541882)
David M. Rogers (BBO #542233)
Jacob J. Lantry (BBO #690452)
1 Constitution Wharf, Suite 310
Boston, MA 02129
Tel:    (617) 241-3000
Fax:    (617) 241-5115
jmcampbell@campbell-trial-lawyers.com
drogers@campbell-trial-lawyers.com
jlantry@campbell-trial-lawyers.com


**CERTIFICATE OF SERVICE**

On September 19, 2018, I, David M. Rogers, filed electronically the foregoing document. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


/s/ David M. Rogers
David M. Rogers