UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
DOCKET NO. 1:17-CV-12462- WGY

ANNA V. KASHPER, Individually and as
Mother and Next Friend of Three Minors and
as Personal Representative of the Estate of
KONSTANTIN M. KASHPER,

    Plaintiffs,

v.

TOYOTA MOTOR SALES, U.S.A., INC.
TOYOTA MOTOR CORPORATION,
ENTERPRISE FM TRUST
ENTERPRISE FLEET MANAGEMENT,
JOHN DOE 1, JOHN DOE 2, JOHN DOE 3,

    Defendants.

**LEAVE TO FILE REPLY GRANTED: SEPT 19, 2018**

## DEFENDANT'S ENTERPRISE FM TRUST AND ENTERPRISE FLEET MANAGEMENT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Defendants, Enterprise FM Trust and Enterprise Fleet Management, ("Enterprise") respectfully submit this Reply Brief, to address speculative issues raised in plaintiff's Oppositions. As Plaintiffs' arguments are neither supported by the evidence in the record, nor present "genuine" issues of "material" fact, summary judgment for the Enterprise defendants is proper. See McCarthy v. Northwest Airlines, Inc., 56 F.3d 313 (1st Cir. 1995).[1] More specifically, Enterprise states as follows:

---

[1] To defeat summary judgment, a plaintiff "must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. Not every factual dispute is sufficient to thwart summary judgment; the contested fact must be "material" and the dispute over it must be "genuine." . . . When all is said and done the trial court must 'view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor, *but paying no heed to 'conclusory allegations, improbable inferences, [or] unsupported speculation.'* If no genuine issue of material fact emerges, then the motion for summary judgment may be granted."

**I.  ENTERPRISE HAS HAD NO CONTACT WITH NON-PARTY, BORREGO SOLAR SYSTEMS, INC.**

A. Enterprise defendants deny plaintiff's inference within her Opposition that Enterprise was somehow involved in non-party Borrego Solar Systems, Inc. ("Borrego") purported refusal to produce certain documents to the plaintiff. See Plaintiff's Opposition Brief, p. 1-2.

B. Borrego is a non-party to this litigation and counsel representing the Enterprise entities within this litigation do not represents Borrego.

C. Prior to this litigation, Enterprise counsel's law firm represented the interests of Borrego's insurance company in a workers compensation claim brought by plaintiff's spouse.

D. Enterprise defendants have had no contact with non-party Borrego during the course of this litigation relating to producing documents on leasing or maintenance to plaintiff. See Affidavit of Justin Brewer ¶ 3 (Exhibit 2).

**II.  ENTERPRISE FM TRUST AND ENTERPRISE FLEET MANAGEMENT**

A. Plaintiff in her Opposition attempts to claim that the Enterprise affidavit submitted with its Summary Judgement is misleading and false. See Plaintiff's Opposition Brief p. 2.

B. Contrary to these blanket statements, Enterprise Fleet Management is in the business of leasing vehicles as correctly stated in Enterprise Affidavit. See Affidavit of William J. Keller ¶ 3.

C. Specifically, as stated in the Master Equity Lease Agreement, the Agreement is signed as "the Lessor is Enterprise FM Trust By Enterprise Fleet Management, Inc., its attorney-in-fact." See Lease p. 4.

D.    Enterprise Fleet Management's role is in the full operation of the business from leasing through maintenance. <u>See</u> Affidavit of Justin Brewer ¶ 4.

E.    Enterprise FM Trust as owner and lessor of the subject vehicle is involved in the business of leasing vehicles. <u>See</u> Affidavit of Justin Brewer ¶ 5.

F.    At no point was Enterprise attempting to mislead the Court as plaintiff claims but rather was identifying how Enterprise FM Trust and Enterprise Fleet Management are intertwined and are both involved in the leasing process.

G.    Enterprise FM Trust and Enterprise Fleet Management are both in the business of leasing vehicles and as such qualify as Owners and/or Lessors under the Graves Amendment. <u>See</u> 49 U.S.C. § 30106.

## III.   ENTERPRISE IS NOT RESPONSIBLE FOR MAINTENANCE OF THE SUBJECT VEHICLE

A.    Plaintiff's Opposition mischaracterizes Enterprise Fleet Management's relationship with Borrego Solar Systems, Inc. as it pertains to the Lease and Maintenance Agreement. <u>See</u> Plaintiff's Opposition Brief p. 3.

B.    Within the Master Equity Lease Agreement it states:

8(a)."Lessee agrees, at its expense, to: (1) maintain the Vehicles in good condition, repair, maintenance and running order and in accordance with all manufacturer's instructions and warranty requirements and all legal requirements and furnish all labor, materials, parts and other essentials required for the proper operation and maintenance of the vehicles." <u>See</u> Lease, p. 2 ¶ 8.

C.    Further, within the Maintenance Agreement it states,

4. Enterprise Fleet Management agrees that,… "it will pay for or reimburse Lessee for its payment of, all costs and expenses incurred in connection with the maintenance or repair of a Covered Vehicle." <u>See</u> Maintenance Agreement ¶ 4.

D.     As stated in the Lease Agreement, it is Borrego, as the Lessee, is the entity responsible for the overall care and control of the vehicle. See Lease, p. 2 ¶ 8.

E.     Further, Borrego as Lessee makes decisions with regards to when maintenance needs to be completed and then refers to the Maintenance Agreement to be reimbursed or for payment of that maintenance. See. Lease, p. 2 ¶ 8, See Maintenance Agreement ¶ 4.

F.     Additionally, plaintiff's Opposition mistakenly asserts that Enterprise was responsible for maintenance due to the payment of a maintenance fee. See Plaintiff's Opposition Brief p. 3.

G.     This is not the case. Rather, the maintenance fee is in place for when Enterprise must reimburse or pay for the costs and expenses incurred by Borrego as stated in the Maintenance Agreement. See Affidavit of Justin Brewer ¶ 6,7.

H.     Enterprise has no direct oversight or responsibility over the maintenance as described in plaintiff's Opposition. See Plaintiff's Opposition Brief, p. 3,9; see also See Affidavit of Justin Brewer ¶ 8.

I.     Further, relying upon *Zwibel v. Midway Automotive Group*, defendants, "contend that a boilerplate '*failure to maintain*' allegation contained in most every complaint pertaining to a motor vehicle accident should not be used as a means to avoid Congress' clear intent in enacting the Graves Amendment to forestall suits against vehicle rental and leasing companies." Moreau v. Josaphat et al., 42 Misc. 3d 345 (Sup. Ct., Kings County 2013), (italics added) quoting Zwibel v. Midway Automotive Group, 30 Misc. 3d 1232, 2011 NY Slip Op. 50308, 6-8(Sup. Ct. Queens County 2011).

### IV. <u>ENTERPRISE DOES NOT CONCEDE THAT EXPERT REPORTS ARE SUFFICIENT FOR SUMMARY JUDGMENT</u>

    A.    Enterprise defendants do not concede that plaintiff's expert reports are sufficient as the expert reports are not material facts in relation to Enterprises' Summary Judgment Motion.

    B.    Plaintiff resorts to surmise, conjecture and attempts to muddle the waters by asserting that plaintiff's expert reports are sufficient although they have not been identified as "material" facts in furtherance of defendant's Summary Judgment Motion.[2]

### V. <u>PLAINTIFF CONCEDES THAT ENTERPRISE FM TRUST MAY BE ENTITLED TO SUMMARY JUDGMENT</u>

    A.    Plaintiff concedes in her Opposition that Enterprise FM Trust may be entitled to a dismissal from the case. <u>See</u>. Plaintiff Opposition at p. 1.

    B.    As plaintiff already acknowledges that Enterprise FM Trust may be "entitled to a dismissal," Enterprise Fleet Management's lack of oversight and control of the maintenance of the vehicle should call for dismissal of both entities. These facts are supported by affidavit and are within the Lease and Maintenance Agreements. <u>See</u> Affidavit of William Keller, Affidavit of Justin Brewer, Lease Agreement, and Maintenance Agreement.

### VI. <u>CONCLUSION</u>

---

[2] See McCarthy 56 F.3d at 313. In this regard, material that a contested fact has the potential to change an outcome of the suit under the governing law if the dispute over it is resolved favorably to the nonmovant.

For those reasons set forth above, defendants, Enterprise FM Trust and Enterprise Fleet Management respectfully request that this Court enter summary judgment and dismiss all claims against it.

The Defendants,
Enterprise FM Trust,
Enterprise Fleet Management,
By Its Attorneys,

*/s/ Kate A. Messinger*

Grace V.B. Garcia, BBO #640970
ggarcia@morrisonmahoney.com
Kate A. Messinger, BBO #691468
kmessinger@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210-1181
Phone:   617-737-8822
Fax:        617-342-4914

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 19, 2018

 /s/ *Kate A. Messinger*