# EXHIBIT 7

# Garcia, Grace

| | |
|---|---|
| **From:** | Garcia, Grace |
| **Sent:** | Monday, November 19, 2018 1:17 PM |
| **To:** | 'Marc Alpert' |
| **Cc:** | Messinger, Kate |
| **Subject:** | RE: Activity in Case 1:17-cv-12462-WGY Kashper v. Toyota Motor Sales U .S.A, Inc et al Notice of Hearing on Motion |
| **Attachments:** | BOSTON_LAUREL-#1737543-v1-KASHPER-_Enterprise_only_Release.docx |

Marc,

To be clear, attached is a proposed Release as to the Enterprise entities. If you look at Paragraphs 1 and 2, I carved out an exception as to your worker's compensation claim.

Grace

---

**Grace V.B. Garcia**
Partner
MORRISON MAHONEY LLP | 250 Summer Street, Boston, MA 02210
T 617.737.8822 | F 617.342.4914 | www.morrisonmahoney.com | bio

CONNECTICUT | ENGLAND | MASSACHUSETTS | NEW HAMPSHIRE | NEW JERSEY | NEW YORK | RHODE ISLAND

*The documents included with this electronic mail transmission contain information from the law firm of Morrison Mahoney LLP which is confidential and/or privileged. This information is intended to be for the use of the addressee only. Note that any disclosure, printing, photocopying, distribution or use of the contents of this e-mailed information by persons other than the addressee or an agent of the addressee, is unauthorized and prohibited. If you have received this electronic mail in error, please notify us via electronic mail reply to the sender or by telephone (collect 617-439-7500) immediately.*

---

**From:** Garcia, Grace
**Sent:** Monday, November 19, 2018 10:57 AM
**To:** 'Marc Alpert' <trepla2380@juno.com>
**Cc:** Messinger, Kate <KMessinger@morrisonmahoney.com>
**Subject:** RE: Activity in Case 1:17-cv-12462-WGY Kashper v. Toyota Motor Sales U .S.A, Inc et al Notice of Hearing on Motion

Marc,

I am not sure what Middlesex lawsuit you are referring to as I do not represent the Enterprise defendants in any lawsuit in Middlesex. Nonetheless, I look forward to getting your proposed notice of settlement and release tomorrow.

Sincerely,
Grace

---

1

**Grace V.B. Garcia**
Partner
MORRISON MAHONEY LLP | 250 Summer Street, Boston, MA 02210
T 617.737.8822 | F 617.342.4914 | www.morrisonmahoney.com | bio

CONNECTICUT | ENGLAND | MASSACHUSETTS | NEW HAMPSHIRE | NEW JERSEY | NEW YORK | RHODE ISLAND

The documents included with this electronic mail transmission contain information from the law firm of Morrison Mahoney LLP which is confidential and/or privileged. This information is intended to be for the use of the addressee only. Note that any disclosure, printing, photocopying, distribution or use of the contents of this e-mailed information by persons other than the addressee or an agent of the addressee, is unauthorized and prohibited. If you have received this electronic mail in error, please notify us via electronic mail reply to the sender or by telephone (collect 617-439-7500) immediately.

**From:** Marc Alpert [mailto:trepla2380@juno.com]
**Sent:** Monday, November 19, 2018 10:45 AM
**To:** Garcia, Grace <GGarcia@morrisonmahoney.com>
**Subject:** RE: Activity in Case 1:17-cv-12462-WGY Kashper v. Toyota Motor Sales U.S.A, Inc et al Notice of Hearing on Motion

**\*\*External Email\*\***
Thank you. I do not believe a word of that separate, and never will.

Count II of the Middlesex lawsuit involves trying to correct two features of the lump sum agreement in the compensation case that could and in my view did substantial harm to the third party case, and actually harmed the lien holder. One thing is for certain that once these features were known (assuming inadvertence or mistake, a questionable assumption), the compensation attorneys absolutely refused to correct or revise to the detriment of the compensation insurer and the benefit of Enterprise and Toyota.

I could but will not here recite other instances.

I will try to get something to you by tomorrow morning.


Marc S. Alpert,
Marc S. Alpert, P.C.
15 Court Square, #940
Boston, MA 02108-2524
Phone: 617 227-2380
Fax: 866-393-2857
e-mail: trepla2380@juno.com


---------- Original Message ----------
From: "Garcia, Grace" <GGarcia@morrisonmahoney.com>
To: Marc Alpert <trepla2380@juno.com>
Cc: "Messinger, Kate" <KMessinger@morrisonmahoney.com>
Subject: RE: Activity in Case 1:17-cv-12462-WGY Kashper v. Toyota Motor Sales U.S.A, Inc et al Notice of

2

Hearing on Motion
Date: Mon, 19 Nov 2018 14:39:28 +0000

Marc-

As we have told you time and time again, although we are at the same firm, the WC case and this Federal Court case are being handled 100% separately, with separate lawyers within Morrison Mahoney. As such, you cannot simply say "Morrison Mahoney refused" to do something, as it is not the firm who refused. As you know, Kate Messinger and myself are the attorneys of record in this Federal case. Thus, the only communications with us relate to this case. If you have issues with the WC case, we do not represent the parties in that matter and you must contact Gary Sykes or Meredith Rainey. As we have said, if you ask something from, or speak with, Meredith Rainey or Gary Sykes with regard to the WC case, I don't know what those conversations are and I am not involved. They are the attorneys that are handling the WC matter. As neither Kate Messinger or I have any appearance in that regard and do not represent the entities with regard to WC, you must ONLY deal with those attorneys when you have an WC issue.

I look forward to seeing your draft separate release and a separate advisement of settlement to the Court.

Grace

---

**Grace V.B. Garcia**
Partner

MORRISON MAHONEY LLP | 250 Summer Street, Boston, MA 02210

T 617.737.8822 | F 617.342.4914 | www.morrisonmahoney.com | bio

CONNECTICUT | ENGLAND | MASSACHUSETTS | NEW HAMPSHIRE | NEW JERSEY | NEW YORK | RHODE ISLAND

The documents included with this electronic mail transmission contain information from the law firm of Morrison Mahoney LLP which is confidential and/or privileged. This information is intended to be for the use of the addressee only. Note that any disclosure, printing, photocopying, distribution or use of the contents of this e-mailed information by persons other than the addressee or an agent of the addressee, is unauthorized and prohibited. If you have received this electronic mail in error, please notify us via electronic mail reply to the sender or by telephone (collect 617-439-7500) immediately.

**From:** Marc Alpert [mailto:trepla2380@juno.com]
**Sent:** Monday, November 19, 2018 9:21 AM
**To:** Garcia, Grace <GGarcia@morrisonmahoney.com>
**Subject:** RE: Activity in Case 1:17-cv-12462-WGY Kashper v. Toyota Motor Sales U.S.A, Inc et al Notice of Hearing on Motion

**\*\*External Email\*\***

I will prepare some paperwork a separate release and a separate advisement of settlement to the Court for the Plaintiff and Enterprise. I regard the waiver of the comp lien as more than a minor matter.

As an aside, the Kashper plaintiffs offered in writing to substantially resolve the comp lien by paying ▆% of any recovery to towards the lien until lien satisfied--leaving open how much the full lien is. Morrison Mahoney refused to give me permission to contact the compensation insurer and refused to even tell the insurer of this offer. At that time there was a short window of settlement opportunity before both parties spent considerable money on experts, and our view was a settlement in the amount of $▆▆▆▆ to $▆▆▆▆ was possible and probable. Now due to more than a doubling of plaintiff's out-of--pocket expenses and a drastic reduction in value the compensation lien payment will be zero(or close to zero).

Marc S. Alpert,
Marc S. Alpert, P.C.
15 Court Square , #940
Boston, MA 02108-2524
Phone: 617 227-2380
Fax: 866-393-2857
e-mail: trepla2380@juno.com

---------- Original Message ----------
**From:** "Garcia, Grace" <GGarcia@morrisonmahoney.com>
**To:** Marc Alpert <trepla2380@juno.com>
**Cc:** "Messinger, Kate" <KMessinger@morrisonmahoney.com>
**Subject:** RE: Activity in Case 1:17-cv-12462-WGY Kashper v. Toyota Motor Sales U.S.A, Inc et al Notice of

4

Hearing on Motion
Date: Mon, 19 Nov 2018 13:21:47 +0000

Marc,

As there is no question we have settled the claims in this particular Federal Court case- 1:17-cv-12462-WGY- I have made changes to the Notice of Settlement, which are attached. I have tracked my changes. Please let me know if this is agreeable.

Also, I will revise the Settlement Agreement, so that it is separate from Toyota- making it more simple and carving out an exception with regard to your ongoing dispute with regard to the worker's compensation claim.

Please let me know about the Notice of Settlement as soon as possible. If you have an issue with this, please call me today.

Thank you.
Grace

---

**Grace V.B. Garcia**
Partner

MORRISON MAHONEY LLP  |  250 Summer Street, Boston, MA  02210

T 617.737.8822  |  F 617.342.4914  |  www.morrisonmahoney.com  |  bio


CONNECTICUT  |  ENGLAND  |  MASSACHUSETTS  |  NEW HAMPSHIRE  |  NEW JERSEY  |  NEW YORK  |  RHODE ISLAND

The documents included with this electronic mail transmission contain information from the law firm of Morrison Mahoney LLP which is confidential and/or privileged. This information is intended to be for the use of the addressee only. Note that any disclosure, printing, photocopying, distribution or use of the contents of this e-mailed information by persons other than the addressee or an agent of the addressee, is unauthorized and prohibited. If you have received this electronic mail in error, please notify us via electronic mail reply to the sender or by telephone (collect 617-439-7500) immediately.

From: Marc Alpert [mailto:trepla2380@juno.com]
Sent: Thursday, November 15, 2018 3:37 PM
To: Garcia, Grace <GGarcia@morrisonmahoney.com>
Subject: RE: Activity in Case 1:17-cv-12462-WGY Kashper v. Toyota Motor Sales U.S.A, Inc et al Notice of Hearing on Motion

**External Email**

Thank you. Can not agree at this time.

I am having a great deal of difficulty working with Toyota's proposed release and agreement that goes way beyond what was agreed to, and may not be able to come up with something that satisfies my clients and at the same time may work for Toyota. Toyota's proposed release and agreement does not even resemble the actual settlement.

As for Enterprise the document sent to me by Toyota is not in conformity. When I got Kate's e-mail on the settlement, I immediately sent this e-mail back

> Re: Kashper v. Toyota et al.
>
> Back to Messages
>
> From: "Marc Alpert" <trepla2380@juno.com>
>
> Full Header
>
> To:KMessinger@morrisonmahoney.com
>
> Cc:avkashper@gmail.com, drogers@campbell-trial-lawyers.com
>
> Sent: Fri, Oct 26, 2018 11:06 AM
>
> No, just the product related claims. There is another case pending that Morrison Mahoney is defending arising from the compensation case. Right now Enterprise is not a defendant and it appears no basis to make it a defendant. However, I do not know where this case might go and if discovery indicates Enterprise should be included, then the complaint may be amended. Your firm knows better than I how likely or unlikely that is.--Marc Alpert

6

Marc S. Alpert,
Marc S. Alpert, P.C.
15 Court Square , #940
Boston, MA 02108-2524
Phone: 617 227-2380
Fax: 866-393-2857
e-mail: trepla2380@juno.com

---------- Original Message ----------
From: "Messinger, Kate" <KMessinger@morrisonmahoney.com>
To: 'Marc Alpert' <marcalpert2015@gmail.com>, "'trepla2380@juno.com'" <trepla2380@juno.com>
Cc: "Garcia, Grace" <GGarcia@morrisonmahoney.com>
Subject: Kashper v. Toyota et al.
Date: Fri, 26 Oct 2018 14:26:05 +0000

Marc,

Confirming our conversation in which we agreed to settle all claims against the Enterprise Defendants, Enterprise FM Trust and Enterprise Fleet Management for $███.

Thanks,

Kate

**Kate A. Messinger**
Associate

MORRISON MAHONEY LLP
250 Summer Street, Boston, MA  02210
T (617) 439-7506 | F (617) 342-4844
KMessinger@morrisonmahoney.com | www.morrisonmahoney.com

7

Connecticut | M

My recollection is efforts to purchase the Toyota Tacoma failed or whatever after I received proposed paperwork that had language that could be construed as releasing or dropping the pending Middlesex case that is presently against TriState and Borrego. Morrison and Mahoney is representing both Tristate and Borrego in that case.

**If Enterprise wants to do a separate release with Anna Kashper for $▮▮▮▮ that releases the product claims, let me know and I will draft one for your review and approval. As soon as one is approved, I will submit to Anna for signature. No reason why this can not be done by Monday or Tuesday. As Morrison Mahoney represents both the compensation insurer and the Employer, I assume getting their signatures and waivers on the Enterprise settlement can be quickly accomplished. The total expenses to be reimbursed are more than $▮▮▮▮**

Marc S. Alpert,
Marc S. Alpert, P.C.
15 Court Square , #940
Boston, MA 02108-2524
Phone: 617 227-2380
Fax: 866-393-2857
e-mail: trepla2380@juno.com


---------- Original Message ----------
From: "Garcia, Grace" <GGarcia@morrisonmahoney.com>
To: Marc Alpert <trepla2380@juno.com>
Cc: "'Rogers, David M.'" <drogers@Campbell-trial-lawyers.com>, "Visocchi, Julia A." <jvisocchi@Campbell-trial-lawyers.com>, "Lantry, Jacob J." <JLantry@Campbell-trial-lawyers.com>, "Messinger, Kate" <KMessinger@morrisonmahoney.com>
Subject: RE: Activity in Case 1:17-cv-12462-WGY Kashper v. Toyota Motor Sales U.S.A, Inc et al Notice of Hearing on Motion
Date: Thu, 15 Nov 2018 18:53:29 +0000

Marc,

8

Given the settlement and the fact that the Court still has this hearing scheduled, please confirm that I can sign your name and file the attached with the Court. I would like to submit this today, so please let me know as soon as possible.

Sincerely,

Grace

---

**Grace V. Garcia**
Partner

MORRISON MAHONEY LLP | 250 Summer Street, Boston, MA 02210

T 617.737.8822 | F 617.342.4914 | www.morrisonmahoney.com | bio

CONNECTICUT | ENGLAND | MASSACHUSETTS | NEW HAMPSHIRE | NEW JERSEY | NEW YORK | RHODE ISLAND

*The documents included with this electronic mail transmission contain information from the law firm of Morrison Mahoney LLP which is confidential and/or privileged. This information is intended to be for the use of the addressee only. Note that any disclosure, printing, photocopying, distribution or use of the contents of this e-mailed information by persons other than the addressee or an agent of the addressee, is unauthorized and prohibited. If you have received this electronic mail in error, please notify us via electronic mail reply to the sender or by telephone (collect 617-439-7500) immediately.*

**From:** ECFnotice@mad.uscourts.gov [mailto:ECFnotice@mad.uscourts.gov]
**Sent:** Thursday, November 15, 2018 9:35 AM
**To:** CourtCopy@mad.uscourts.gov
**Subject:** Activity in Case 1:17-cv-12462-WGY Kashper v. Toyota Motor Sales U.S.A, Inc et al Notice of Hearing on Motion

**\*\*External Email\*\***

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the

9

United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

United States District Court

District of Massachusetts

**Notice of Electronic Filing**

The following transaction was entered on 11/15/2018 at 9:35 AM EST and filed on 11/15/2018

**Case Name:** Kashper v. Toyota Motor Sales U.S.A, Inc et al
**Case Number:** 1:17-cv-12462-WGY
**Filer:**
**Document Number:** 76(No document attached)

Docket Text:
**ELECTRONIC NOTICE Resetting Hearing on Motion [54] MOTION for Summary Judgment : Motion Hearing reset for 11/29/2018 02:00 PM before Judge William G. Young. This hearing will take place at Northeastern University Law School, moot court room, Dockser Hall, 65 Forsyth Street, Boston, MA 02115.** (Gaudet, Jennifer)

1:17-cv-12462-WGY Notice has been electronically mailed to:

James M. Campbell    jmcampbell@campbell-trial-lawyers.com, coliveira@campbell-trial-lawyers.com, crenaud@campbell-trial-lawyers.com, mmichitson@campbell-trial-lawyers.com

Marc S. Alpert    trepla2380@juno.com

David M. Rogers    drogers@campbell-trial-lawyers.com, jvisocchi@campbell-trial-lawyers.com

Grace V. Bacon Garcia    ggarcia@morrisonmahoney.com, dinfascelli@morrisonmahoney.com, ndindinger@morrisonmahoney.com

Jacob J. Lantry    jlantry@campbell-trial-lawyers.com, llarocque@campbell-trial-lawyers.com

Kate A. Messinger    kmessinger@morrisonmahoney.com,

10

kate.a.desmond@gmail.com

**1:17-cv-12462-WGY Notice will not be electronically mailed to:**

## SETTLEMENT AGREEMENT AND FULL RELEASE

1. **Settlement and Consideration**

I, Anna V. Kashper, individually, and as mother and next friend of Nathan Kashper, Zachery Kashper, and Gabriel Kashper, and in my capacity as Personal Representative of the Estate of Konstantin Kashper, on behalf of myself, all heirs, executors, administrators, assigns, and legal representatives (hereinafter "Releasor"), in consideration of payment of $ ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮, hereby forever release and discharge Enterprise FM Trust, Enterprise Fleet Management, Berkley National Insurance Company and their parent companies, subsidiaries, affiliates, and related entities, as well as its officers, directors, shareholders, employees, agents, servants, attorneys, assigns, affiliates, subsidiaries and divisions, predecessors, successors, as well as their insurers, and any and all other persons, firms, and corporations in which any or all of them might have an interest (hereinafter the "Releasees") of and from any and all demands, claims, rights, actions, causes of action, suits, controversies, proceedings, expenses, loss of services or companionship, loss of consortium or society, claims arising out of bodily injuries or personal injuries, physical and mental, temporary and permanent and the consequences thereof, wrongful death, breach of warranty or negligence, and demands and liabilities of every name and nature and description, both in law and equity, including those under G.L. c. 176D and c. 93A, costs, losses, expenses and fees which said Releasor now has or may have ever had from the beginning of the world to date relating in any way to the incident alleged to have occurred on or about January 26, 2017, including those matters and claims as addressed in the lawsuit entitled <u>Anna V. Kashper, individually and as mother and next friend of Three Minors and as personal representative of the</u>

Estate of Konstantin Kashper v. Toyota Motor Sales, U.S.A., Inc.; Toyota Motor Corporation; Enterprise FM Trust; and Enterprise Fleet Management, United States District Court of Massachusetts, Civil Action No.: 1:17-cv-12462-WGY and/or any claims arising out of the handling, defense, or settlement of the aforesaid action or the claim that is the subject of said action, with the only exception there is nothing in this Release that waives those claims that the Estate of Konstantin Kashper may have related to its worker's compensation claim.

**2.   Full Release**

It is fully understood and agreed that this Release covers all potential claims against the Releasees, it being the intent of the undersigned to extinguish fully every and all claims against the Releasees for injuries or damages sustained as a direct or indirect result of the incident described in Paragraph 1 with the only exception of those claims that the Estate of Konstantin Kashper may have related to its worker's compensation claim.

**3.   Payments**

The Releasor hereby agrees, acknowledges, instructs, permits and authorizes the Releasees to make the aforementioned settlement payment of $[REDACTED] to be made payable to: "Marc S. Alpert as attorney for Anna V. Kashper".

**4.   Warranty and Indemnification**

The Releasor, in consideration of the settlement of $[REDACTED], promises to promptly defend, indemnify, and hold harmless each of the Releasees against any cause of action, claims, liens, demands, liability, actions, rights, damages of any kind or nature, costs, charges, losses, expenses, and attorneys' fees arising directly or indirectly from the lawsuit and/or incident referenced in Paragraph 1, relating to the recovery of any one or more of following:

a. Workers' compensation benefits or social welfare benefits paid or hereafter paid from any source to or in behalf of the Releasor.

b. Medicare, Medicaid, and medical insurance benefits paid or hereafter paid to or in behalf of the Releasor.

c. Hospital insurance benefits paid or hereafter paid to or on behalf of the Releasor.

d. Medical or hospital or funeral services rendered or hereafter rendered to or on behalf of the Releasor.

e. Disability or any other insurance benefits paid or hereafter paid to or on behalf of the Releasor.

Nothing in this Paragraph requires the Releasor to hold harmless or indemnify the Releasees for unrelated claims by third parties.

### 5. Further or Future Damages

The Releasor hereby acknowledges, agrees and understands that after the date of this Release the damages may turn out to be more severe or different than she now believes them to be, or that damages of which she is not now aware may manifest themselves, and that by signing this Release she is accepting that risk and giving up any right to seek further money from, or otherwise to assert any claim or demand against, the Releasees.

### 6. Attorney's Fees

Each party hereto shall bear all attorneys' fees and costs arising from the actions of their own counsel in connection with the Complaint, this Settlement Agreement and the matters and documents referred to herein, the filing of a Dismissal of the Complaint, and all related matters.

### 7. Warranty of Capacity to Execute Agreement

The Releasor represents and warrants that no person or entity other than the Releasor has had any interest in the claims, demands, obligations, or causes of action referred to in this Settlement Agreement and Release, and that she has not sold, assigned, transferred, conveyed or

otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Settlement Agreement and Release.

### 8. No Admission of Liability

It is understood and agreed by the Releasor and Releasees that this Release is not to be construed as an admission of liability on the part of the Releasees and that each of the Releasees expressly denies any liability for any negligence, warranty or other damage of any kind or nature to the Releasor.

### 9. Informed Decision

The Releasor acknowledges that she has had the advice of independent counsel and executes this Release as her free act and deed.

### 10. Additional Documents

The Releasor will promptly file all documents and promptly take any other actions necessary or appropriate to terminate the Releasees involvement in said Civil Action No.: 1:17-cv-12462-WGY including but not limited to causing Releasor's counsel to execute a Stipulation of Dismissal of all claims brought by the Releasor against the Releasees, which Stipulation shall provide for a dismissal of all such claims with prejudice and without interest, costs, or an award of attorneys' fees and with all rights of appeal involving the Releasees waived.

### 11. Confidential Agreement

The parties and their counsel agree to keep the terms of this claim and settlement confidential, except for disclosures required in any proceeding necessary for approval of this settlement, or unless compelled to disclose them in response to a valid order or other decree from a court of competent jurisdiction. To the extent that the terms of this settlement agreement are

disclosed in any legal proceeding, the parties will assent to the sealing of said proceedings or to the terms of the settlement.

### 12. Medicare Reporting Requirements

The Releasor specifically declares, states, confirms, represents and warrants that he is <u>not</u> currently entitled to or eligible for Medicare or Medicaid; that Konstantin Kashper was <u>not</u> a Medicare or Medicaid Beneficiary; that he had not been issued a Medicare of Medicaid Health Insurance Claim Number (HICN); and that none of the expenses for treatment received for his injuries or damages claimed by his Estate, or in any way related to or arising out of the said events, occurrences and incidents, or which are the subject of and released by this Release, were submitted to or paid by Medicare or Medicaid. Notwithstanding, as a result of significant changes to Section 111 of the Medicare, Medicaid & SCHIP Extension Act (MMSEA), the Releasor may be required to report detailed claim information to the Center for Medicare Services if they are, or become, Medicare recipients. In order to comply with any reporting requirements, the Releasor shall provide the information set out in Exhibit A.

### 13.   Further Settlement Terms

This Release and the legal relations between the parties hereto shall be governed and construed by the laws of the Commonwealth of Massachusetts. The terms of this Settlement Agreement and Full Release are contractual and not a mere recital. This Settlement Agreement and Full Release is an integrated writing and it may not be changed or modified, except in a writing specifically referring hereto and duly executed by the Releasor and by, or on behalf of, each of the Released Parties herein identified. The Releasor acknowledges that she has been represented by attorneys throughout the negotiations leading to this Settlement Agreement and Full Release, that

she has read and reviewed with, and consulted fully with his attorneys regarding the meaning and effect of this Settlement Agreement and Full Release and that she understands and agrees to them, that the terms and provisions of this Settlement Agreement and Full Release are not to be construed more strictly against the Released Parties than against the Releasor, and that it is the voluntary intention of all parties to this Settlement Agreement and Full Release that its terms and provisions be construed as having the plain meaning of the terms used herein, for the express purposes of making a full and final compromise of all claims and precluding forever further or additional claims or litigation against any or all of the Released Parties arising out of the aforesaid. It is understood and agreed that any provisions of law, statutory or otherwise, the effect of which is to limit the generality of the terms of this Full and Final Release and Settlement Agreement or its effect as a bar to claims not presently known, is expressly waived.

WITNESS MY HAND AND SEAL THIS _____ day of _____, 2018.

Signature_____     Printed Name _____

Anna V. Kashper, individually, and as mother and
next friend of Nathan Kashper, Zachery Kashper,
and Gabriel Kashper, and in her capacity as
Personal Representative of the Estate of Konstantin Kashper

Notarized By_____     Printed Name _____

# EXHIBIT A TO THE SETTLEMENT AGREEMENT AND FULL RELEASE

1. What was Konstantin Kashper's Social Security Number?_____

2. What was Konstantin Kashper date of birth? _____

3. Was Konstantin Kashper a Medicare/Medicaid Beneficiary?   • Yes   • No

4. If yes, on what date did Konstantin Kashper become eligible for Medicare/Medicaid?
   _____

5. If applicable, what was Konstantin Kashper's Medicare/Medicaid Health Insurance Claim Number (HICN)? _____

6. Please provide your current mailing address:

   _____
   _____
   _____
   _____

Signature_____     Printed Name _____

Anna V. Kashper, individually, and as mother and
next friend of Nathan Kashper, Zachery Kashper,
and Gabriel Kashper, and in her capacity as
Personal Representative of the Estate of Konstantin Kashper