# EXHIBIT 9

## Messinger, Kate

**From:** Garcia, Grace
**Sent:** Wednesday, November 21, 2018 1:27 PM
**To:** 'Marc Alpert'
**Cc:** Messinger, Kate
**Subject:** RE: Kashper=Enterprise
**Attachments:** BOSTON_LAUREL-#1738504-v1-KASHPER-_Settlement_Agreement_with_M_Alpert_s_....docx; BOSTON_LAUREL-#1737298-v1-Kashper_-_Notice_of_Settlement.doc

Marc,

As you did not red-line your changes, we were forced to compare both agreements. We have put in yellow the areas that we believe you added. We then red-lined our changes to those.
Please let me know if the red-line changes are agreeable. Also, can we file the attached Notice of Settlement with the Court today?

Sincerely,
Grace

---

**Grace V. Garcia**
Partner
MORRISON MAHONEY LLP | 250 Summer Street, Boston, MA 02210
T 617.737.8822 | F 617.342.4914 | www.morrisonmahoney.com | bio

CONNECTICUT | ENGLAND | MASSACHUSETTS | NEW HAMPSHIRE | NEW JERSEY | NEW YORK | RHODE ISLAND

The documents included with this electronic mail transmission contain information from the law firm of Morrison Mahoney LLP which is confidential and/or privileged. This information is intended to be for the use of the addressee only. Note that any disclosure, printing, photocopying, distribution or use of the contents of this e-mailed information by persons other than the addressee or an agent of the addressee, is unauthorized and prohibited. If you have received this electronic mail in error, please notify us via electronic mail reply to the sender or by telephone (collect 617-439-7500) immediately.

**From:** Marc Alpert [mailto:marcalpert2015@gmail.com]
**Sent:** Wednesday, November 21, 2018 11:21 AM
**To:** Garcia, Grace <GGarcia@morrisonmahoney.com>
**Subject:** Kashper=Enterprise

**\*\*External Email\*\***
Kashper revisions or changes to release, attached.-Marc Alpert

1

### SETTLEMENT AGREEMENT AND FULL RELEASE

1. **Settlement and Consideration**

I, Anna V. Kashper, individually, and as mother and next friend of Nathan Kashper, Zachery Kashper, and Gabriel Kashper, and in my capacity as Personal Representative of the Estate of Konstantin Kashper, on behalf of myself, all heirs, executors, administrators, assigns, and legal representatives (hereinafter "Releasor"), in consideration of payment of $■■■■■■■■■■■■■■■■■■■■■, hereby forever release and discharge Enterprise FM Trust, Enterprise Fleet Management, Berkley National Insurance Company {and their parent companies, subsidiaries, affiliates, and related entities, as well as its officers, directors, shareholders, employees, agents, servants, attorneys, assigns, affiliates, subsidiaries and divisions, predecessors, successors, as well as their insurers, and any and all other persons, firms, and corporations in which any or all of them might have an interest} ~~as the insurer of Enterprise FM Trust and of Enterprise Fleet Management and not otherwise, and any entity or person to the extent that Enterprise FM Trust and/or Enterprise Fleet Management may be vicariously liable for its or his or her omissions or commissions with respect to Toyota Tacoma VIN - 5TFSX5EN5GX046995~~ (hereinafter the "Releasees") of and from any and all demands, claims, rights, actions, causes of action, suits, controversies, proceedings, expenses, loss of services or companionship, loss of consortium or society, claims arising out of bodily injuries or personal injuries, physical and mental, temporary and permanent and the consequences thereof, wrongful death, breach of warranty or negligence, and demands and liabilities of every name and nature and description, both in law and equity, including those under G.L. c. 176D and c. 93A, costs, losses, expenses and fees which said Releasor now has or may have ever had from the beginning of the world to date relating in any

> **Commented [GG1]:** Marc, It is clear that Berkley National is only being released with regard to the product liability claims as set out. Also, you took out language regarding who is released with regard to the released claims that we need back in.

*Anna V. Kashper Settlement Agreement and Full Release*
*Page 1 of 8*
*Initials: _____*

way to the incident alleged to have occurred on or about January 26, 2017, including those matters and claims as addressed in the lawsuit entitled <u>Anna V. Kashper, individually and as mother and next friend of Three Minors and as personal representative of the Estate of Konstantin Kashper v. Toyota Motor Sales, U.S.A., Inc.; Toyota Motor Corporation; Enterprise FM Trust; and Enterprise Fleet Management</u>, United States District Court of Massachusetts, Civil Action No.: 1:17-cv-12462-WGY and/or any claims against Enterprise FM Trust and/or Enterprise Fleet Management relating to either arising out of the handling, defense, or settlement of the aforesaid action or the claim that is the subject of said action. This is not a release of any of the other named defendants in United States District Court of Massachusetts, Civil Action No.: 1:17-cv-12462-WGY, ~~and the litigation in that case will continue until Releasor enters into a mutually agreeable release document with those defendants and/or obtains a Court order to enforce a settlement that Releasor thought had been agreed to and/or the litigation is otherwise terminated.~~

Notwithstanding anything in this document to the contrary, there is nothing in this Release that waives and/or releases those claims that Anna Kashper personal representative of the Estate of Konstantin Kashper, Anna Kashper, individually, Nathan Kashper, Zachery Kashper and/or Gabriel Kashper may have related to its worker's compensation claim or purported , malpractice ~~against or other~~ claims against entities or individuals not named and not appearing as counsel in Civil Action No.: 1:17-cv-12462-WGY Civil Action No.: 1:17-cv-12462-WGY ~~Joseph M. Burke, malpractice and other claims against York Risk Services, malpractice and other claims against ParkerScheer, claims against Tri-State Insurance Company of Minnesota, claims against Borrego Solar Systems, Inc., claims against Gordon Sykes, claims against and/or Meredith P. Rainey.~~

2.     **Full Release**

Anna V. Kashper *Settlement Agreement and Full Release*
Page 2 of 8
Initials: _____

It is fully understood and agreed that this Release covers all potential claims against the Releasees, it being the intent of the undersigned to extinguish fully every and all claims against the Releasees for injuries or damages sustained as a direct or indirect result of the incident described in Paragraph 1 with the exception of those claims that Anna Kashper personal representative of the Estate of Konstantin Kashper, Anna Kashper, individually, Nathan Kashper, Zachery Kashper and/or Gabriel Kashper may have related to its worker's compensation claim, or purported malpractice ~~against or other~~ claims against entities or individuals not named and not appearing as counsel in Civil Action No.: 1:17-cv-12462-WGY ~~Joseph M. Burke, malpractice and other claims against York Risk Services, malpractice and other claims against ParkerScheer, claims against Tri-State Insurance Company of Minnesota, claims against Borrego Solar Systems, Inc., claims against Gordon Sykes, claims against and/or Meredith P. Rainey.~~

3. **Payments**

The Releasor hereby agrees, acknowledges, instructs, permits and authorizes the Releasees to make the aforementioned settlement payment of $▮ to be made payable to: "Marc S. Alpert as attorney for Anna V. Kashper".

4. **Warranty and Indemnification**

The Releasor, in consideration of the settlement of $▮, promises to promptly defend, indemnify, and hold harmless each of the Releasees against any cause of action, claims, liens, demands, liability, actions, rights, damages of any kind or nature, costs, charges, losses, expenses, and attorneys' fees arising directly or indirectly from the lawsuit and/or incident referenced in Paragraph 1, relating to the recovery of any one or more of following:

   a. Workers' compensation benefits or social welfare benefits paid or hereafter paid from any source to or in behalf of the Releasor.

b. Medicare, Medicaid, and medical insurance benefits paid or hereafter paid to or in behalf of the Releasor.

c. Hospital insurance benefits paid or hereafter paid to or on behalf of the Releasor.

d. Medical or hospital or funeral services rendered or hereafter rendered to or on behalf of the Releasor.

e. Disability or any other insurance benefits paid or hereafter paid to or on behalf of the Releasor.

Nothing in this Paragraph requires the Releasor to hold harmless or indemnify the Releasees for unrelated claims by third parties.

**5.    Further or Future Damages**

The Releasor hereby acknowledges, agrees and understands that after the date of this Release the damages may turn out to be more severe or different than she now believes them to be, or that damages of which she is not now aware may manifest themselves, and that by signing this Release she is accepting that risk and giving up any right to seek further money from, or otherwise to assert any claim or demand against, the Releasees.

**6.    Attorney's Fees**

Each party hereto shall bear all attorneys' fees and costs arising from the actions of their own counsel in connection with the Complaint, this Settlement Agreement and the matters and documents referred to herein, the filing of a Dismissal of the counts in the Complaint as to Enterprise FM Trust and/or Enterprise Management, and all related matters.

**7.    Warranty of Capacity to Execute Agreement**

The Releasor represents and warrants that no person or entity other than the Releasor has had any interest in the claims, demands, obligations, or causes of action referred to in this Settlement Agreement and Release, and that she has not sold, assigned, transferred, conveyed or

Anna V. Kashper *Settlement Agreement and Full Release*
*Page 4 of 8*
*Initials:* _____

otherwise disposed of any of the claims, demands, obligations, or causes of action referred to in this Settlement Agreement and Release.

### 8. No Admission of Liability

It is understood and agreed by the Releasor and Releasees that this Release is not to be construed as an admission of liability on the part of the Releasees and that each of the Releasees expressly denies any liability for any negligence, warranty or other damage of any kind or nature to the Releasor.

### 9. Informed Decision

The Releasor acknowledges that she has had the advice of independent counsel and executes this Release as her free act and deed.

### 10. Additional Documents

The Releasor will promptly file all documents and promptly take any other actions necessary or appropriate to terminate the Releasees involvement in said Civil Action No.: 1:17-cv-12462-WGY including but not limited to causing Releasor's counsel to execute a Stipulation of Dismissal of all claims brought by the Releasor against the Releasees, which Stipulation shall provide for a dismissal of all such claims with prejudice and without interest, costs, or an award of attorneys' fees and with all rights of appeal involving the Releasees waived.

### 11. Confidential Agreement

The parties and their counsel agree to keep the terms of this claim and settlement confidential, except for disclosures required in any proceeding necessary for approval of this settlement, or unless compelled to disclose them in response to a valid order or other decree from a court of competent jurisdiction. Notwithstanding, this claim and settlement may be revealed to the remaining defendants in United States District Court of Massachusetts, Civil Action No.: 1:17-

cv-12462-WGY, to the lien holders in this case, and any party in any other proceeding in which the amount of this settlement may be an issue. To the extent that the terms of this settlement agreement are disclosed in any legal proceeding, the parties will assent to the sealing of said proceedings or to the terms of the settlement.

**12. Medicare Reporting Requirements**

The Releasor specifically declares, states, confirms, represents and warrants that he is not currently entitled to or eligible for Medicare or Medicaid; that Konstantin Kashper was not a Medicare or Medicaid Beneficiary; that he had not been issued a Medicare of Medicaid Health Insurance Claim Number (HICN); and that none of the expenses for treatment received for his injuries or damages claimed by his Estate, or in any way related to or arising out of the said events, occurrences and incidents, or which are the subject of and released by this Release, were submitted to or paid by Medicare or Medicaid. Notwithstanding, as a result of significant changes to Section 111 of the Medicare, Medicaid & SCHIP Extension Act (MMSEA), the Releasor may be required to report detailed claim information to the Center for Medicare Services if they are, or become, Medicare recipients. In order to comply with any reporting requirements, the Releasor shall provide the information set out in Exhibit A.

13. **Further Settlement Terms**

This Release and the legal relations between the parties hereto shall be governed and construed by the laws of the Commonwealth of Massachusetts. The terms of this Settlement Agreement and Full Release are contractual and not a mere recital. This Settlement Agreement and Full Release is an integrated writing and it may not be changed or modified, except in a writing specifically referring hereto and duly executed by the Releasor and by, or on behalf of, each of the Released Parties herein identified. The Releasor acknowledges that she has been represented by

attorneys throughout the negotiations leading to this Settlement Agreement and Full Release, that she has read and reviewed with, and consulted fully with his attorneys regarding the meaning and effect of this Settlement Agreement and Full Release and that she understands and agrees to them, that the terms and provisions of this Settlement Agreement and Full Release are not to be construed more strictly against the Released Parties than against the Releasor, and that it is the voluntary intention of all parties to this Settlement Agreement and Full Release that its terms and provisions be construed as having the plain meaning of the terms used herein, for the express purposes of making a full and final compromise of all claims and precluding forever further or additional claims or litigation against any or all of the Released Parties arising out of the aforesaid. It is understood and agreed that any provisions of law, statutory or otherwise, the effect of which is to limit the generality of the terms of this Full and Final Release and Settlement Agreement or its effect as a bar to claims not presently known, is expressly waived.

14. ~~This settlement is contingent upon a Court of competent jurisdiction or the DIA pursuant to Chapter 152, section 15 approving the settlement and petition for approval and/or the lien holder waiving its lien in writing. The Releasor is relying upon the Releasee to obtain the waiver of lien from Tri-State Insurance Company of Minnesota, who is also represented by the same law firm as Releasor; and/or give Releasor and Releasor's attorney's written permission to contact Tri-State Insurance Company of Minnesota, Borrego, York and any other person or entity to obtain waiver or otherwise resolve the lien.~~

> **Commented [GG2]:** Marc, the settlement was never contingent on this and furthermore, this would be your obligation to do, not mine.

WITNESS MY HAND AND SEAL THIS _____ day of _____, 2018.

Signature_____    Printed Name_____

Anna V. Kashper, individually, and as mother and
next friend of Nathan Kashper, Zachery Kashper,


Anna V. Kashper *Settlement Agreement and Full Release*
*Page 7 of 8*
*Initials:* _____

and Gabriel Kashper, and in her capacity as
Personal Representative of the Estate of Konstantin Kashper

Notarized By_____ Printed Name _____

Anna V. Kashper *Settlement Agreement and Full Release*
*Page 8 of 8*
*Initials:* _____

**EXHIBIT A TO THE SETTLEMENT AGREEMENT AND FULL RELEASE**

1. What was Konstantin Kashper's Social Security Number? _____

2. What was Konstantin Kashper date of birth? _____

3. Was Konstantin Kashper a Medicare/Medicaid Beneficiary?   • Yes   • No

4. If yes, on what date did Konstantin Kashper become eligible for Medicare/Medicaid?
   _____

5. If applicable, what was Konstantin Kashper's Medicare/Medicaid Health Insurance Claim Number (HICN)? _____

6. Please provide your current mailing address:

   _____
   _____
   _____
   _____

Signature_____   Printed Name _____

Anna V. Kashper, individually, and as mother and
next friend of Nathan Kashper, Zachery Kashper,
and Gabriel Kashper, and in her capacity as
Personal Representative of the Estate of Konstantin Kashper

| Commented [GG3]: |
| Commented [GG4]: |
| Commented [GG5]: |
| Commented [GG6]: |

Anna V. Kashper *Settlement Agreement and Full Release*
Page 9 of 8
Initials: ____ . _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
DOCKET NO. 1:17-CV-12462- WGY

ANNA V. KASHPER, Individually and as
Mother and Next Friend of Three Minors and
as Personal Representative of the Estate of
KONSTANTIN M. KASHPER,

    Plaintiffs,

v.

TOYOTA MOTOR SALES, U.S.A., INC.
TOYOTA MOTOR CORPORATION,
ENTERPRISE FM TRUST
ENTERPRISE FLEET MANAGEMENT,
JOHN DOE 1, JOHN DOE 2, JOHN DOE 3,

    Defendants.

## NOTICE OF SETTLEMENT

The Parties, by and through the undersigned counsel, hereby submit this Notice of Settlement to advise the Court that a settlement <u>with regards to the claims in this action have</u>~~has~~ been reached by ~~the Parties~~<u>between the plaintiffs and Enterprise FM Trust and Enterprise Fleet Management</u>. A settlement agreement has been drafted and is being circulated to ~~the parties~~<u>plaintiffs and Enterprise FM Trust and Enterprise Fleet Management</u> for their review, approval and execution. The Parties respectfully request that the Court issue a 30 day *nisi* order to allow the parties to finalize the settlement.

1737298v.1

2

| | |
|---|---|
| The Plaintiffs,<br>By their attorneys, | The Defendants,<br>Enterprise FM Trust and Enterprise Fleet Management<br>By their attorneys, |
| Marc S. Alpert, BBO#016424<br>Marc S. Alpert, P.C.<br>15 Court Square, #940<br>Boston, MA 02108-2524<br>617-227-2380<br>fax 866-393-2857<br>trepla2380@juno.com | Grace V.B. Garcia, BBO #640970<br>ggarcia@morrisonmahoney.com<br>Kate A. Messinger, BBO #691468<br>kmessinger@morrisonmahoney.com<br>MORRISON MAHONEY LLP<br>250 Summer Street<br>Boston, MA 02210<br>Phone: (617) 737-8822<br>Fax: (617) 342-4914 |

~~The Defendants,~~
~~Toyota Motor Sales, U.S.A., Inc.~~
~~and Toyota Motor Corporation,~~
~~By their attorneys,~~

---

~~James M. Campbell, BBO#541882~~
~~David M. Rogers, BBO#542233~~
~~Jacob J. Lantry, BBO#690452~~
~~Campbell Campbell Edwards &~~
~~Conroy, P.C.~~
~~1 Constitution Wharf, Suite 310~~
~~Boston, MA 02129~~
~~617-241-3000~~
~~Fax: 617-241-5115~~
~~jmcampbell@campbell-trial-lawyers.com~~
~~drogers@campbell-trial-lawyers.com~~
~~jlantry@campbell-trial-lawyers.com~~

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November    , 2018

/s/ *Grace V.B. Garcia*

---

Grace V.B. Garcia

1737298v.1                                           4