UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

ANNA V. KASHPER, individually, and as mother )
and next friend of Three Minors and as personal )
representative of the ESTATE OF KONSTANTIN )
M. KASHPER, )
)
     Plaintiff, )
)   C.A. No. 1:17-cv-12462-WGY
VS. )
)
TOYOTA MOTOR SALES, U.S.A., INC.; )
TOYOTA MOTOR CORPORATION; )
ENTERPRISE FM TRUST; ENTERPRISE FLEET )
MANAGEMENT; JOHN DOE 1; JOHN DOE 2 )
and JOHN DOE 3, )
)
     Defendants. )
_____ )

**DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S
MOTION TO STRIKE CERTAIN EXHIBITS TO THE PLAINTIFF'S
OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Toyota Motor Sales, U.S.A., Inc. ("TMS") hereby moves for an Order striking

Exhibits 3–7 and 13–14 of the plaintiff's Responses to TMS's Statement of Undisputed

Material Facts because they are unauthenticated or inadmissible documents that cannot

be considered by the Court in ruling on the Motion for Summary Judgment.  Under LR

56.1, an opposition to a motion for summary judgment must provide "page references to

affidavits, depositions and other [authenticated] documentation" to demonstrate "that

there exists a genuine issue to be tried," and the plaintiff has submitted seven exhibits that

cannot properly be considered by this Court and should be stricken from the summary

judgment record.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a single-vehicle accident that occurred on January 26, 2017 at approximately 4:30 P.M. on Interstate 495 in Milford, Massachusetts.  The decedent, Konstantin Kashper, was driving a 2016 Toyota Tacoma pickup truck northbound on I-495 when, for unknown reasons, his vehicle left the roadway, traveled over an embankment, struck a rock formation, and did a half-roll before landing on its roof. Witnesses and first responders arrived on the scene shortly thereafter, all of whom observed Mr. Kashper to be unresponsive, and he was pronounced dead at Milford Regional Medical Center that evening.

On December 14, 2018, TMS filed a Motion for Summary Judgment, as well as a Memorandum of Law in Support and Statement of Undisputed Material Facts, because there is no evidence in this case that (a) the Tacoma was in a defective and unreasonably dangerous condition when it was sold or at the time of the accident, or (b) that any such defect caused the accident or Mr. Kashper's death.  *See* Docket Nos. 88–90.  On January 11, 2019, the plaintiff filed her Opposition to TMS's Motion and Responses to TMS's LR 56.1 Statement of Undisputed Material Facts.  *See* Docket Nos. 94–95.  In support of her opposition and responses to the Statement of Undisputed Material Facts, the plaintiff attached fourteen exhibits, six of which are unauthenticated and one of which contains multiple levels of inadmissible hearsay and should not be considered by the Court:

- Exhibit 3:  "GPS data shows harsh braking and lower speed than EDR;"
- Exhibit 4:  "Newspaper clip on Toyota problems EDR;"
- Exhibit 5:  "Toyota Recorder Manual, EDR not sufficiently valid or reliable for use;"
- Exhibit 6:  "Flaws in EDR data;"
- Exhibit 7:  "EDR data used with physical evidence;"
- Exhibit 13:  "Carfax some history of Toyota;" and
- Exhibit 14:  "Possible mileage of Toyota to event."

*See* Exhibits to Docket No. 95.  In addition, the plaintiff embeds within her Opposition and responses to TMS's Statement of Undisputed Material Facts purported affidavits of Konstantin Vaysband, Slava Glikberg, and Leon Bouriev.  *See* Docket No. 94, pp. 6–7; Docket No. 95, response to ¶ 22.  None of these affidavits is signed by the purported affiants.

## ARGUMENT

"A motion to strike is the proper vehicle for challenging the admissibility of materials submitted in support of a motion for summary judgment."  *Id.* (citing 11 James W. Moore, et al., Moore's Federal Practice, § 56.14 (3rd ed. 1997)).  To be considered on summary judgment, documentary evidence must be authenticated and admissible at trial. *See Goguen* ex rel. *Est. of Goguen v. Textron, Inc.*, 234 F.R.D. 13, 16 (D. Mass. 2006); *see also id.* (noting an exception to that requirement for affidavits, provided the affidavit "set[s] forth facts that would be admissible under the Federal Rules of Evidence"). Exhibits 3, 5–7, and 13–14 of the plaintiff's responses to the Statement of Undisputed Material Facts are unauthenticated and must be stricken, in addition to containing inadmissible hearsay; Exhibit 4 is a newspaper article that may be self-authenticating, but the substance of which constitutes inadmissible hearsay and therefore must be stricken.

### 1. Plaintiff's Unauthenticated Documents Cannot be Considered on Summary Judgment

"The law is well-established that 'documents supporting or opposing summary judgment must be properly authenticated,'" and a party's "failure to authenticate a document properly precludes its consideration on a motion for summary judgment." *Robinson v. Bodoff*, 355 F. Supp. 2d 578, 582 (D. Mass. 2005) (quoting *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000)).  Plaintiff relies on numerous documents in

her Opposition that have not been verified or authenticated in any way, and thus there is no way to confirm that the documents are "what the proponent claims [they are]."   *See* Fed. R. Evid. 901(a).

The plaintiff has made no effort to authenticate Exhibits 3, 5–7, and 13–14 of her responses to the Statement of Undisputed Material Facts, which precludes their consideration on summary judgment.   *See Robinson*, 355 F. Supp. 2d at 582 (striking 21 of the 24 exhibits in support of the defendants' motion for summary judgment because defendants "made no attempt to authenticate them").   In addition, each of the documents contain at least one level of inadmissible hearsay and therefore cannot be considered on summary judgment.   *See Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990) ("Hearsay evidence, inadmissible at trial, cannot be considered on a motion for summary judgment.").

For example, Exhibit 3, which plaintiff titles "GPS data shows harsh braking and lower speed than EDR," is a series of annotated computer screen shots purportedly showing the location of the Tacoma on the day of the accident based on GPS data.   This document is unaccompanied by an affidavit or certification from any person who can attest to who created the document, where it came from, and whether it is accurate.   The annotations on each screen shot appear to be an unknown individual's interpretation of what is shown, but again there is no accompanying affidavit attesting to the document's reliability and therefore it cannot be considered in ruling on the Motion for Summary Judgment.   *See Robinson*, 355 F. Supp. 2d at 582; Fed. R. Evid. 901(a).   Exhibits 5–7 purport to call into question the reliability of Electronic Data Recorder data obtained from the Tacoma; however, these documents likewise are not authenticated by an

appropriate affidavit or certification and cannot be considered on summary judgment. *See id.*

### 2. Plaintiff Relies on Inadmissible Hearsay from a Newspaper Article that Cannot be Considered on Summary Judgment

Exhibit 5 of the plaintiff's responses to the Statement of Undisputed Material Facts appears to be only the second page of a two-page online article from the Washington Post from 2010.  This document potentially is self-authenticating under Fed. R. Evid. 902(6); however, the substance of the article itself is hearsay and contains numerous quotes from other individuals, which constitutes a second level of inadmissible hearsay.  *See* Fed. R. Evid. 801, 802, 805; *Garside*, 895 F.2d at 50 ("Hearsay evidence, inadmissible at trial, cannot be considered on a motion for summary judgment.").

### 3. Usigned Affidavits from Three Individuals Cannot be Considered on Summary Judgment

The plaintiff also attempts to contest the fact that Mr. Kashper was not wearing his seatbelt by embedding within her responses to the Statement of Undisputed Material Facts and Opposition statements of Konstantin Vaysband, Slava Glikberg, and Leon Bouriev that are titled "Affidavit."  *See* Docket No. 94, pp. 6–7; Docket No. 95, response to ¶ 22.  However, none of these statements is executed by the purported affiants or made under the penalties of perjury; therefore, they are not affidavits and cannot be considered by the Court.  *See* Black's Law Dictionary 66 (9th ed. 2009) (defining an affidavit as "[a] voluntary declaration of facts written down and *sworn to by the declarant* before an officer authorized to administer oaths").

## CONCLUSION

Toyota Motor Sales, U.S.A., Inc. requests that the Court issue an Order striking Exhibits 3–7 and 13–14 of the plaintiff's Responses to TMS's Statement of Undisputed Material Facts because they are unauthenticated or contain inadmissible hearsay and cannot be considered by the Court in ruling on TMS's Motion for Summary Judgment.

**TOYOTA MOTOR SALES, U.S.A., INC.**

By its Attorneys,

CAMPBELL CONROY & O'NEIL, P.C.

/s/ Jacob J. Lantry

_____

James M. Campbell (BBO #541882)
David M. Rogers (BBO #542233)
Jacob J. Lantry (BBO #690452)
One Constitution Wharf, Suite 310
Boston, MA 02129
Tel:     (617) 241-3000
Fax:     (617) 241-5115

## CERTIFICATION PURSUANT TO LR 7.1(2)

I, Jacob J. Lantry, certify that I spoke with plaintiff's counsel, Marc S. Alpert, on the telephone on January 17, 2019 in an attempt to resolve or narrow the issue addressed in the present motion.

## <u>CERTIFICATE OF SERVICE</u>

On January 22, 2019, I, Jacob J. Lantry, filed electronically and served by mail on anyone unable to accept electronic filing the foregoing document.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

<u>/s/ Jacob J. Lantry</u>
Jacob J. Lantry