UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANNA V. KASHPER, individually, and as mother and next friend of Three Minors and as personal representative of the ESTATE OF KONSTANTIN M. KASHPER,<br><br>    Plaintiff,<br><br>VS.<br><br>TOYOTA MOTOR SALES, U.S.A., INC.; TOYOTA MOTOR CORPORATION; ENTERPRISE FM TRUST; ENTERPRISE FLEET MANAGEMENT; JOHN DOE 1; JOHN DOE 2 and JOHN DOE 3,<br><br>    Defendants. | C.A. No. 1:17-cv-12462-WGY |

**DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.'S
MOTION TO IMPOUND THE PLAINTIFF'S
PETITION FOR SETTLEMENT APPROVAL**

Toyota Motor Sales, U.S.A., Inc. ("TMS") hereby moves, pursuant to Local Rule 7.2, for an Order impounding references to the settlement amount set forth in the plaintiff's Settlement Petition Pursuant to M.G.L. 152, § 15.  Good cause exists to impound this information, because the parties have entered into a confidential settlement agreement precluding public disclosure of the terms and amount of the settlement.

At the time of the accident which gives rise to the lawsuit, the plaintiff alleges that the decedent Konstantin Kashper was operating a Toyota truck during the course of his employment with Borrego Solar Systems, Inc. ("Borrego").  Borrego's workers' compensation insurer paid worker's compensation benefits to the decedent's

estate/dependents and therefore the settlement must be submitted for approval pursuant to G.L. c. 152, § 15.

On February 6, 2019, the plaintiff and her counsel executed a Confidential Settlement Agreement and Release and provided to counsel for TMS a draft Petition for Approval of the Settlement. The confidentiality provision of the Confidential Settlement Agreement and Release provides, in part, that the plaintiff and her attorney agree

> that the amounts in this **SETTLEMENT AGREEMENT** and the negotiations and discussions (including any mediation, settlement conferences or other formal or informal discussions or negotiations) that led to the parties entering this **SETTLEMENT AGREEMENT** shall remain, to the maximum extent possible, completely confidential and shall not be disclosed by the **RELEASORS** or by their attorneys to any individual or entity, except as provided in this **SETTLEMENT AGREEMENT**. **RELEASORS** and their attorneys further agree that Section 2.1 of this **SETTLEMENT AGREEMENT**, and writings of any other type that pertain to or make any reference to the **INCIDENT**, the parties, their counsel or identify the **RELEASEES** or the year, make and model of the **VEHICLE**, or to the amount of this **SETTLEMENT AGREEMENT,** shall remain, to the maximum extent practicable, confidential.

The plaintiff's proposed Settlement Petition sets forth the amount of the parties' settlement, as well as reference to plaintiff's counsel's fee as a percentage of the settlement.

Pursuant to the parties' Confidential Settlement Agreement and Release, TMS requests that references to the terms and amount of the parties' settlement, including plaintiff's counsel's fee as a percentage of the settlement amount, in the plaintiff's Settlement Petition be impounded and that a redacted version be filed with the Court. TMS requests that any impoundment Order remain in effect until further order of the Court.

WHEREFORE, TMS requests that the Court issue an Order impounding the Petition for Approval of the Settlement Pursuant to G. L. c. 152 § 15 when it is filed.

**TOYOTA MOTOR SALES, U.S.A., INC.**

By its Attorneys,

CAMPBELL CONROY & O'NEIL, P.C.

*/s/ David M. Rogers*
James M. Campbell (BBO #541882)
David M. Rogers (BBO #542233)
Michelle I. Schaffer (BBO#552383)
Jacob J. Lantry (BBO #690452)
1 Constitution Wharf, Suite 310
Boston, MA 02129
Tel:   (617) 241-3000
Fax:   (617) 241-5115

## CERTIFICATION PURSUANT TO LR 7.1(2)

I, David M. Rogers, certify that I communicated with plaintiff's counsel, Marc S. Alpert, via email on February 6, 2019 and informed him that TMS would be filing a motion seeking to impound references to the settlement amount set forth in the Settlement Petition.

*/s/ David M. Rogers*
David M. Rogers

## CERTIFICATE OF SERVICE

On February 7, 2019, I, David M. Rogers, filed electronically and served by mail on anyone unable to accept electronic filing the foregoing document. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ David M. Rogers*
David M. Rogers